Nikki J. Parker
12112 South Dean Road
Buckeye, Arizona 85326
Phone: (602) 370-7103
Email: parkerparalegal@live.com

*Plaintiff Pro Per*

```
                    FILED ___ LODGED
                    RECEIVED ___ COPY

                    FEB 1 1 2010

                    CLERK U S DISTRICT COURT
                    DISTRICT OF ARIZONA
                    BY_____ S DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NIKKI J. PARKER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MCCARVILLE LAW OFFICES, PLC, an Arizona Professional Limited Liability Company, and DAVID A. MCCARVILLE, individually, <br><br> Defendants. | Case No: CIV '10 0304 PHX LOA <br><br> **COMPLAINT** <br> (Unpaid Overtime Wages FLSA) <br><br> *Jury Trial Demanded* |

Plaintiff, Nikki J. Parker (hereafter referred to as "Plaintiff"), as and for her complaint against Defendants, McCarville Law Offices, PLC, and David A. McCarville, (hereafter referred to collectively as "Defendants"), alleges and states as follows:

### Nature of Action

1. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), Section 16 of the FLSA of 1938, 29 U.S.C. § 216.

2. Plaintiff seeks to recover statutory remedies including, but not limited to, unpaid overtime, liquidated damages, punitive damages, costs and attorneys fees.

### Jurisdiction and Venue

3. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216 and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) and because Defendants have caused events to occur in Arizona, out of which Plaintiff's claims arise.

### Parties

5. Plaintiff is and was at all times relevant a resident of Arizona.

6. That the Defendant McCarville Law Offices, PLC, is an Arizona Professional Limited Liability Company, with two locations of business; at 501 North Florence Street, Suite 101, Casa Grande, Arizona; and at 505 East Plaza Circle Drive, Litchfield Park, Arizona 85340.

7. Upon information and belief, Defendant, David A. McCarville, is the owner of Defendant, McCarville Law Offices, PLC.

8. From on or about December 3, 2007, Plaintiff worked as a Paralegal for Defendants.

9. At all times relevant, McCarville Law Offices, PLC was an employer as defined in the FLSA.

10. At all times relevant, David A. McCarville, was also considered an employer under the FLSA, and is individually liable for violations of the FLSA.

11. At all times relevant, Plaintiff was a covered non-exempt employee under the FLSA.

### Claim for Overtime Compensation and Damages

12. In Plaintiff's position as a paralegal with Defendants, Plaintiff performed the following routine duties:

Nikki J. Parker
12112 South Dean Road
Buckeye, Arizona 85326

Reading, writing, legal research, correspondence and document preparation, entry of billable time, calendaring, verbal and written communication with clients, attorneys, courts and other agencies, and answering telephones.

13. From in and around April 2008, through October 2008, Plaintiff was charged with the training and oversight of an international employee.

14. In and around November 2008, through August 2009, Plaintiff was charged with additional responsibilities of creating various office procedures and policies for approval and implementation by Defendants for use in both offices.

15. In and around December 2008, through February 2009, Plaintiff was charged with the responsibility of accounts payable/receivable and trust accounting and performed the following routine tasks:

Ensure all staff's time entries were input to the billing system each week; print, review, and forward pre-bills to Defendants for review and changes; finalize and mail out client invoices upon approval by Defendants; perform trust transfers; track vendor invoices and process checks for payment to vendors for Defendants' review and signature.

16. In and around December 2008, January 2009, and March 2009, Plaintiff was responsible for traveling to the Casa Grande office location for training and oversight of newly hired staff.

17. Defendant employed Plaintiff on a forty-hour weekly basis at a bi-weekly salary of $1,692.30, which was increased to $1,846.15 on or about July 2008, and was further increased to the sum of $2,038.46 on or about December 2008, which is the bi-weekly wage Plaintiff was paid until January 15, 2010, when employment was terminated.

18. From the time period of March 2008, through May 2009, due to an increased workload, Plaintiff was obligated to bring work home, where Plaintiff performed her job

3

duties in the evenings, in the mornings prior to going in to the office for the normal workday and also on weekends; working well in excess of forty hours most weeks.

19. During March 2008, through May, 2009, Plaintiff routinely began her job duties at home between the hours of 4:00 and 5:00 o'clock a.m.

20. During March 2008, and continuing through May 2009, upon return home from the office, Plaintiff would immediately continue her job duties from home in the evenings from home and would work as late as 11:00 o'clock p.m.

21. Defendants were aware of Plaintiff's practice of bringing work home and the overtime was performed with Defendants' approval and the worked performed was for Defendants' benefit.

22. Defendants have never compensated Plaintiff for the overtime work, in violation of the provisions of the FLSA.

23. Under the provisions of the FLSA as provided in 29 U.S.C. §§ 207, 216, there is due and owing from the Defendants to Plaintiff as compensation for overtime work, the sum of $30,919.98, for 809 hours at the rate of $38.22 per hour.

24. Plaintiff made demand to Defendants for payment of the overtime due to her and Defendants have willfully refused to pay the same.

25. Defendants knew or should have known that the refusal to pay overtime wages was prohibited by the FLSA, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

26. Defendants' willful refusal to compensate Plaintiff for her overtime work was done with malice or reckless indifference to Plaintiff's federally protected rights, and Plaintiff is entitled to liquidated and punitive damages pursuant to 29 U.S.C. § 216.

27. Plaintiff is entitled to recovery of her attorneys' fees and related expenses incurred pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully prays for judgment in favor of Plaintiff and against Defendants jointly and severally as follows:

Nikki J. Parker
12112 South Dean Road
Buckeye, Arizona 85326

    A.    For compensatory damages of the unpaid wages in the amount of $30,919.98;

    B.    For liquidated damages in the amount of $61,839.96, for Defendants' willful refusal to recognize Plaintiff's federally protected right to overtime wages;

    C.    For pre-judgment interest and post-judgment interest accruing at the legal rate of ten percent (10%) until paid in full;

    D.    For Plaintiff's attorneys' fees and costs of this action, with interest accruing at the legal rate of ten percent (10%) from the date of judgment until paid in full; and

    E.    For any other legal and equitable relief the Court deems just and proper.

DATED this 11th day of February, 2010.

_____
Nikki J. Parker
Plaintiff pro per

Subscribed and sworn to before me this 11 day of February, 2010, by Nikki J. Parker.

_____
Notary Public-Arizona

My Commission Expires: 8-5-2013

(seal)



OFFICIAL SEAL
ANNIE M. CHRISTIE
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 5, 2013

Nikki J. Parker
12112 South Dean Road
Buckeye, Arizona 85326