David A. McCarville, Esq./SBN 024470
**MCCARVILLE LAW OFFICES, PLC**
505 East Plaza Circle Drive, Ste. C
Litchfield Park, Arizona 85340
Phone: (623) 882-0017
Fax:    (623) 882-0083
*Email: mcl@mccarvillelawoffices.com*

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **NIKKI J. PARKER, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**MCCARVILLE LAW OFFICES, PL.C., an Arizona professional limited liability company; and DAVID A. MCCARVILLE, an individual,**<br><br>Defendants. | **CASE NO. : 2:10-cv-0304-PHX-NVW**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants, McCarville Law Offices, P.L.C. and David A. McCarville (collectively the "Defendants"), through their undersigned counsel, in answer to Plaintiff's First Amended Complaint (the "Complaint"), admits, denies and alleges, as follows:

**PARTIES AND JURISDICTION**

1.   Defendants admit the allegations contained in paragraphs 1, 2 and 8 of the Complaint.

2.   Defendants deny that any violation of law occurred, but admits that the elements of jurisdiction are present in the allegations contained in paragraphs 3, 4, 5, 6 and 7 of the Complaint.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

3. Defendants deny, in their entirety, the allegations contained in paragraphs 13, 14, 15, 19 and 21 of the Complaint.

4. In response to Paragraph 10, Defendants admit Plaintiff's allegations that she was an employee from December 3, 2007 until on or around January 15, 2010. Defendants deny all other and further allegations contained in paragraph 10 of the Complaint.

5. In response to Paragraph 11, Defendants admit Plaintiff's allegations that she performed some or all of the duties listed in Paragraph 11 in conjunction with her overall job responsibilities during the course of her employment. Defendants deny all other and further allegations contained in paragraph 11 of the Complaint.

6. In response to Paragraph 12, Defendants admit Plaintiff's allegations that she was paid an annual salary of $44,000.00 per year at the time of hire and was paid a salary of $53,000.00 at the time of her resignation from employment. Defendants deny all other and further allegations contained in paragraph 12 of the Complaint.

7. In response to Paragraphs 16 and 17, Defendants admit that a written demand was made by Plaintiff after her resignation regarding Plaintiff's eligibility for overtime in relation to the FLSA. Defendants deny all other and further allegations contained in paragraphs 16 and 17 of the Complaint.

8. In response to Paragraph 18 of the Complaint, Defendants admit that Plaintiff filed a workers' compensation claim in May of 2009 for injuries she alleges were incurred during her employ with Defendant and specifically states that said claims have been settled with Defendants' worker's compensation carrier.

9. In response to Paragraph 20 of the Complaint, Defendants admit that Plaintiff complained on several occasions of difficulty supervising subordinate

////

MCCARVILLE LAW OFFICES, PLC
505 East Plaza Circle Drive, Ste. C
Litchfield Park, Arizona 85340

employees working in the Casa Grande office, but deny that this created a hostile working environment and deny the remaining allegations contained in Paragraph 20.

## COUNT ONE

(Violation of Overtime Provisions of Fair Labor Standards Act)

10.  Defendants deny, in their entirety, the allegations contained in paragraphs 23, 24 and 27 of the Complaint.

11.  In response to Paragraphs 25 and 26, Defendants admit that a written demand was made by Plaintiff after her resignation regarding Plaintiff's eligibility for overtime in relation to the FLSA. Defendants deny all other and further allegations contained in paragraphs 25 and 26 of the Complaint.

## COUNT TWO

(Violation of A.R.S. § 23-1501)

12.  Defendants deny, in their entirety, the allegations contained in paragraphs 29, 30 an 31 of the Complaint and demand strict proof thereof.

## COUNT THREE

(Violation of A.R.S. § 23-1502)

13.  Defendants deny, in their entirety, the allegations contained in paragraphs 33 and 36 of the Complaint.

14.  In response to Paragraphs 34 and 35 of the Complaint, Defendants deny that Plaintiff provided Defendants notice of her contention that she was working in a hostile environment as alleged in said Paragraphs and demand strict proof thereof.

## COUNT FOUR

(Intentional Infliction of Emotional Distress)

15.  Defendants deny, in their entirety, the allegations contained in Paragraphs 38 through 41 of the Complaint and further affirmatively states that the allegations contained in said Paragraphs are mere recitations of the *prima facie* elements of a claim

MCCARVILLE LAW OFFICES, PLC
505 East Plaza Circle Drive, Ste. C
Litchfield Park, Arizona 85340

for infliction of emotional distress and do not meet the standard of pleading of Rule 8 of the *Federal Rules of Civil Procedure*. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted). As a result Count Four of the Complaint should be dismissed or stricken in its entirety as facially deficient.

## AFFIRMATIVE DEFENSES

16. Defendants deny each and every allegation contained in the Complaint not specifically admitted or denied herein, including, without limitation, those Paragraphs to which no response is required, namely 9, 22, 28, 32, 37 and those couched as prayers for relief.

17. Defendants affirmatively allege that Plaintiff's claim is barred by the following affirmative defenses:

    a.    <u>failure to state a claim:</u>  Plaintiff has failed to state a claim upon which relief can be granted because, among other reasons, Defendants compensated Plaintiff for all appropriate wages for all hours worked, including those in excess of 40 in any workweek, during the relevant period of time she was employed by Defendants. Specifically, Defendants properly considered Plaintiff to be an exempt employee under the FLSA, as further explained herein, and correctly paid her on a salary basis during the course of her employment. As a result, Plaintiff was not entitled to overtime compensation. To the extent Plaintiff performed work in any other capacity, whether exempt or non-exempt, Defendant properly compensated her for all hours worked. Further, Defendant paid Plaintiff in a timely fashion in a pre-agreed salary amount of no less

than $44,000 annually that met all applicable federal and state requirements. Consequently, Defendant paid Plaintiff all monies to which she was entitled under any applicable law and Defendant did not abridge any rights of Plaintiff or violate any law in compensating her;

b. <u>accord and satisfaction</u>:  Plaintiff has been sufficiently compensated for all time and work performed while employed by Defendants;

c. <u>assumption of risk</u>:  Plaintiff was not required to work additional hours from home, either prior to or after the eight (8) hour work day and did not receive approval from Defendants to incur or work the overtime hours alleged in the Complaint. Additionally, Defendants allege that Plaintiff contributed to and/or created any work conditions that she contends to be hostile and to have experienced because of Plaintiff's own comments and actions made to or around fellow employees;

d. <u>consideration</u>:  Plaintiff has been compensated adequately and lawfully for the hours she worked while in Defendants' employ;

e. <u>failure of consideration</u>: Defendants allege that there was no reciprocity of benefits in that Defendants deny that Plaintiff performed the unpaid work hours alleged in the Complaint;

f. <u>estoppel</u>:  Defendants contend that Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel, to the extent that Plaintiff's conduct in her delay in bringing this action, or any request for procedural or substantive relief or her failure to comply with the duties of her position while employed, serve as the basis for any of her allegations or claims;

**MCCARVILLE LAW OFFICES, PLC**
505 East Plaza Circle Drive, Ste. C
Litchfield Park, Arizona 85340

g. <u>payment</u>:  Plaintiff has been paid all funds due her as a result of her employment with Defendants;

h. <u>statute of limitations</u>:  To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a) (FLSA claims limited to two years from date complaint filed, unless violations are "willful"), Defendants contend that Plaintiff's claims are barred, in whole or in part;

i. <u>two-year limitation</u>:  Defendants allege that should Plaintiff establish Defendants violated the FLSA, Defendants' conduct was not willful, i.e., Defendants did not know that their conduct violated the FLSA and did not show reckless disregard for whether their actions violated the FLSA and therefore, the applicable statute of limitations is two years.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988);

j. <u>good faith</u>:  Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because Defendants' actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals and interpretations;

k. <u>lack of willfulness</u>:  Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the

actions or omissions were not a violation of the FLSA and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages; and

l. <u>exemption from overtime</u>: Plaintiff's claims are barred in whole or in part to the extent that the work she performed falls within exemptions provided for in Sections 13(a) and/or (b) of the FLSA, 29 U.S.C. §§ 213(a) and/or (b), as further defined in 29 C.F.R. Part 541.  Specifically, Plaintiff's primary duty consisted in the overall management of a distinct unit common to Defendants' two offices during the course of her employment with Defendant, as well as administrative tasks related to the operations of Defendants' business operations.  Plaintiff's duties included, *inter alia*, the direct supervision of the work performed by two or more full-time subordinate employees at all times material to this case, which included the responsibility to implement and provide feedback regarding applicable company policies and legal compliance requirements, as well as the authority to participate in all decisions regarding the terms and conditions of employment of her subordinates, the performance of a multitude of administrative tasks, and all matters of client relations (including personal interaction to ensure client satisfaction and retention and dealing with complaints or feedback).  *See* 29 C.F.R. Part 541, Subparts A-C, G and H.  At all times relevant to the performance of said duties, Defendants paid Plaintiff a *bona fide* salary, as further described hereinabove.

**WHEREFORE** Defendants, McCarville Law Offices, P.L.C. and David McCarville, jointly and severally pray that this Court:

**MCCARVILLE LAW OFFICES, PLC**
505 East Plaza Circle Drive, Ste. C
Litchfield Park, Arizona 85340

A. Dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted;

B. Dismiss Plaintiff's Complaint for lack of jurisdiction; and

C. Award Defendants their costs and attorney's fees incurred in having to defend this action or any other and further relief this Court deems appropriate under the circumstances.

**DATED** this 16th day of April, 2010.

**MCCARVILLE LAW OFFICES, P.L.C.**

By:  /S/ David A. McCarville
David A. McCarville
*Attorney for Defendants*

**ORIGINAL** of the foregoing electronically filed this 16th day of April, 2010, with:

United States District Court
District of Arizona
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, Arizona   85003

**COPIES** of the foregoing emailed and mailed this 16th day of April, 2010, to:

Peter Kristofer Strojnik
**THE STROJNIK FIRM L.L.C.**
3030 N. Central Ave., Suite 1401
Phoenix, Arizona   85012
*Attorneys for Plaintiff*
Email: Strojnik@skplaw.com

  /s/ Anna M. Van Wyk, Paralegal

**MCCARVILLE LAW OFFICES, PLC**
505 East Plaza Circle Drive, Ste. C
Litchfield Park, Arizona 85340