Neil M. Alexander; AZ Bar No. 020757
nalexander@littler.com
Laurent R.G. Badoux; AZ Bar No. 020753
lbadoux@littler.com
Kristy L. Peters; AZ Bar No. 024756
kpeters@littler.com
LITTLER MENDELSON.
A Professional Corporation
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikki J. Parker, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>McCarville Law Offices, PLC, an Arizona professional limited liability company; David A. McCarville, an individual,<br><br>        Defendants. | Case No. CV 10-304-PHX-NVW<br><br>**MOTION TO SET ASIDE DEFAULT JUDGMENT** |

Pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), Defendants McCarville Law Offices, PLC and David A. McCarville (collectively, "Defendants") hereby submit this Motion to Set Aside Default Judgment. As explained in more detail below, Defendants have good cause for requesting relief from this default judgment.

**I.     FACTUAL BACKGROUND**

Plaintiff filed and served her First Amended Complaint on March 17, 2010. (Doc. 11). Upon agreement by the parties, Defendants' responsive pleading was due on April 15, 2010. (Doc. 21). At this time, Defendant McCarville was representing both himself and his law firm. (*Id.*). Defendants intended to timely file their Answer; however, they were

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

thwarted by the realization that Defendant McCarville was not a registered user of the Electronic Case Filing ("ECF") system and, therefore, did not have a password to electronically file the Answer. *See* Exhibit A, Declaration of David McCarville. Defendant McCarville was under the mistaken impression that he could use his ECF password from the United States Bankruptcy Court to file in this Court. Upon learning his bankruptcy password was not compatible with this Court's filing system, Defendant McCarville immediately registered for an ECF password. *Id.*

On April 16, 2010, Plaintiff's counsel e-mailed Defendants a copy of the Motion for Default Judgment. *Id.* In response, Defendants e-mailed a copy of their Answer to Plaintiff's counsel. *Id.* Defendants were unable to file the Answer with the Court because Defendant McCarville did not yet have his ECF password. *Id.* On April 19, 2010, the Clerk of Court entered default judgment. (Doc. 17). On April 20, 2010, after completing the registration process for this District's ECF system, Defendants' filed their Answer to Plaintiff's Amended Complaint.[1] (Doc. 20). Within hours, Plaintiff filed a Motion to Strike Defendants' Answer. (Doc. 21).

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default judgment for good cause, and it may set aside a default judgment under Rule 60(b)." Rule 60(b) allows for the Court to relieve a party from final judgment for reasons including mistake, inadvertence, excusable neglect, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The Ninth Circuit has set forth the following three factors for the Court to analyze in deciding whether to set aside an entry of default for good cause: (1) whether the Defendant's culpable conduct led to the default; (2) whether the Defendant has a meritorious defense; and

---

[1] Defendants subsequently retained Littler Mendelson, a law firm that frequently practices in federal court, in order to avoid any future difficulties with the ECF system.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

(3) whether reopening the default judgment would prejudice the Plaintiff.[2] *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001). The Ninth Circuit strongly emphasizes that entry of default judgment is "appropriate only in extreme circumstances" and that cases should, "whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463. The Ninth Circuit also has indicated that the "appropriate exercise of the district court's discretion requires that the finality interest should give way fairly readily to further the competing interest in reaching the merits of a dispute." *TCI Group*, 244 F.3d at 695.

With regard to the first factor, a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. *TCI Group*, 244 F.3d at 697. Intentional failure to answer requires conduct that is "willful, devious, deliberate, or evidence of bad faith." *Id.* Therefore, "neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with the judicial decision making, or otherwise manipulate the legal process is not intentional under our default cases and therefore not culpable." *Id.* Here, Defendants' Answer was untimely because Defendant McCarville did not have an ECF password and did not realize his Bankruptcy Court password would not work. Defendants immediately notified Plaintiff's counsel of this issue, e-mailed a copy of the Answer to Plaintiff the day after it was due, and filed the Answer with the Court shortly thereafter. Defendants' conduct was not willful, devious, or motivated by bad faith, and Defendants alerted Plaintiff of the reason for the delay.

Regarding the second factor, Defendants have meritorious defenses to Plaintiff's allegations, as set forth in the Answer. (Doc. 20). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wright Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986) (citation omitted).

Finally, setting aside the default judgment would not prejudice Plaintiff. To be

---

[2] These same three factors are also used in determining if a default judgment should be set aside under Rule 60(b). *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004); *TCI Group*, 244 F.3d at 696.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. *TCI Group*, 244 F.3d at 695. Therefore, the standard is whether Plaintiff's availability to pursue her claim will be hindered, resulting in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *Id.* In this case, Plaintiff received a copy of the Answer the day after it was due, and the Answer was filed with the Court shortly thereafter. Therefore, Plaintiff was not prejudiced by this minimal delay.

## III.   CONCLUSION

In conclusion, Defendants had good cause for its minimal delay in filing its Answer. Therefore, Defendants respectfully request the Court to grant this Motion to Set Aside Default Judgment and allow this case to be decided on its merits.

DATED this 26th day of April, 2010.

                                        *s/ Laurent R. G. Badoux*
                                        Neil M. Alexander
                                        Laurent R.G. Badoux
                                        Kristy L. Peters
                                        LITTLER MENDELSON., P.C.
                                        Attorneys for Defendants

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 26th day of April, 2010:

Peter Kristofer Strojnik
The Strojnik Firm LLC
3030 N Central Ave
Ste 1401
Phoenix, AZ 85012

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-4-

| | |
|---|---|
| 1 | Peter Strojnik, Esq. |
| 2 | Peter Strojnik, PC<br>3030 N. Central Avenue |
| 3 | Suite 1401<br>Phoenix, Arizona 8012 |
| 4 | |
| 5 | Attorneys for Plaintiff |
| 6 | *s/ Linda Bullis* |
| 7 | Firmwide:95148180.2 065064.1001 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-5-