**THE STROJNIK FIRM LLC**
**Attorneys at Law**
**Suite 1401**
**3030 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 297-3019**

Peter Kristofer Strojnik AZBN 026082 CABN 242728
strojnik@skplaw.com
Attorney for Plaintiff Nikki Parker

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| NIKKI J. PARKER, an individual, | NO. 2:10-cv-0304-PHX-NVW |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| vs. | |
| MCCARVILLE LAW OFFICES, PLC, an Arizona professional limited liability company; DAVID A. MCCARVILLE, an individual, | |
| Defendants. | |

**RESPONSE TO MOTION TO SET ASIDE ENTRY OF DEFAULT**

Plaintiff Nikki J. Parker, by and through undersigned counsel, hereby responds in opposition to Defendants' Motion to Set Aside Entry of Default. The Court should deny Defendants' Motion because they do not demonstrate good cause why entry of default should be set aside, and they fail to meet their burden on the *TCI Group, infra,* factors for setting aside an entry of default.

Specifically, Defendants first argue that their conduct was not culpable in failing to Answer because Defendant McCarville allegedly believed that his U.S. Bankruptcy Court e-

-1-

filing username could be used in the U.S. District Court. However, Defendants do not explain why they did not ask a courier to file the Answer at the Court, or mail the Answer to the Court for filing. Indeed, an attorney, which Defendant is, clearly knows that filings can be mailed or walked into the Court. Additionally, Plaintiff, a former employee of Defendants, declares that it is Defendant McCarville's pattern and practice to file the Answer after Rule 12(a) period has expired. Finally, Defendant McCarville is a practicing attorney in the State of Arizona, and he has represented that he purposely did not timely file the Answer because Rule 55 in state court allows a ten-day grace period following application for entry of default. Defendant's unwillingness to review the federal Rules is culpable as the Ninth Circuit Court of Appeals has recently held that a lawyer's failure to know the law is not excusable neglect. See, *Speiser* infra.

Defendants next argue they have allegedly met their burden for a meritorious defense merely relying on their Answer. Their sole argument is that "Defendants have meritorious defenses to Plaintiff's allegations, as set forth in the Answer." *See*, Doc. 26 at 3. However, the Ninth Circuit Court of Appeals has held that a Defendant cannot rely on the Answer alone to meet the burden on the second *TCI Group* factor. Indeed, the extent of the Answer is mere denials and legal conclusions. Presenting an "I didn't do it" defense is not analogous with a meritorious defense.

Finally, Defendants argue that allegedly there is no prejudice to Plaintiff other than a delay in the action. However, Plaintiff's memory continues to diminish as to the relevant events of this action, and Plaintiff continues to be unemployed and to be without income.

WHEREFORE, Plaintiff respectfully requests Defendants Motion to Set Aside Default Judgment [sic] be denied. This Response is more fully supported by the below Memorandum of Points and Authorities, which by this reference is incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On February 11, 2010, Plaintiff Nikki J. Parker filed her Complaint against Defendants McCarville Law Offices, PLC, and David A. McCarville (collectively as "Defendants"), alleging a violation of the overtime provisions of the Fair Labor Standards Act. (Doc. 1). Defendant McCarville is a practicing attorney in the State of Arizona.[1]  After service of process, Defendants requested and were granted an informal extension to file a responsive pleading until March 22, 2010. *See*, Exhibit 1 (e-mail exchanges). On March 17, 2010, Plaintiff filed and served the First Amended Complaint. (Doc. 11). On March 28, 2010, Defendants <u>again</u> requested an extension to file a responsive pleading until April 26, 2010. Plaintiff granted an extension until April 15, 2010. *See*, Exhibit 1. Defendants did not file an Answer by the agreed extension deadline. Consequently, Plaintiff applied for entry of default with the Clerk of the United States District Court. (Doc. 14). The Clerk entered default the following Monday on April 19, 2010. (Doc. 17).

<u>After</u> the Clerk's entry of default, Plaintiff spoke with Defendant McCarville on the telephone during which conversation Defendant McCarville explained he failed to file an Answer for two reasons: (i) he erroneously assumed that a defendant has ten (10) days

---

[1] Request Judicial Notice.  *See*, http://azbar.org/LegalResources/findlawyer.cfm

−3−

following entry of default to file an Answer in federal court; and, (ii) he did not have an ECF login. *See*, Exhibit 2 (Declaration of Counsel). Defendants did not attempt to use a courier to file the Answer or file it via United States mail.

Defendant McCarville limits his law practice to the state superior courts and the United States Bankruptcy Court. See, Exhibit 3 (Declaration of Nikki Parker). During the approximate two year period Plaintiff was employed by Defendants, she would often assist Defendant McCarville in the preparation of motions, pleadings and other legal documents. *Id*. Even though Plaintiff would prepare these documents, including Answers, well before the Rule 12(a) deadline, Defendant McCarville would habitually wait until after the Rule 12(a) period to file the Answer. *Id*. Defendant McCarville would also habitually wait until after an Application for Entry of Default would be filed to file an Answer because he knew there was a 10-day grace period in state courts. *Id*. Defendant McCarville's intentional practice of filing untimely Answers was a manipulation of the court system and its Rules. *Id*.

## II. ARGUMENT AND SUPPORTING LAW

### A.  Defendants Have Not Met Their Burden To Set Aside The Entry of Default

Rule 55(c) of the Federal Rules of Civil Procedure permits a court to set aside entry of default for good cause. The Ninth Circuit Court of Appeals has set forth the following three factors to determine whether to set aside entry of default: "1) whether the defendant's culpable conduct led to the default; 2) whether the defendant has a meritorious defense; **and** 3) whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) (emphasis supplied). "The party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor setting

-4-

aside the default. *Airea 5150, Inc. v. 5150 Customs*, CV-05-1972-PHX-SMM (D. Ariz. 02/02/2006); *TCI Group Life Insurance Plan*, 244 F.3d at 695.

### i. **Defendant Attorney's Failure to File an Answer Was Culpable; A Professional Lawyer's Neglect Is Not Excusable Neglect**

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Insurance Plan*, 244 F.3d at 697. In this context, intentional conduct must rise to the level of willful, deliberate or bad faith conduct. *Id*. In *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884 (9th Cir. 2001), the Court noted that an attorney's neglect in failing to file a timely Answer is not excusable neglect. *Id*. at 886. In *Speiser*, a dispute arose over a division of fees between a lawyer and a law firm. The plaintiff law firm filed a lawsuit against defendant in a California superior court, and the defendant lawyer thereafter removed the action to the federal district court without first filing an Answer. Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, defendant lawyer had a limited time to file an Answer in the new venue district court, but he failed to timely do so. Consequently, plaintiff law firm applied for and received entry of default, which was granted. After defendant lawyer unsuccessfully moved to set aside the default, the Ninth Circuit affirmed the district court decision that "a mistake of law does not constitute excusable neglect." *Id*. at 887. The Ninth Circuit Court of Appeals continued:

> Ortiz also briefly alludes to the good cause standard regarding defaults. See Fed. R. Civ. P. 55(c). That standard is less rigorous that excusable neglect. See Haw. Carpenters' Trust Funds, 794 F.2d at 513. The distinction, however, is one of degree, which might make a different at the margin. **But the failure of this lawyer, who was the removing party, to properly read the clear language of Rule 81(c) does not amount to good cause either**. See id. Savarese, 413 F.2d at 146.

*Id.* (emphasis supplied).

Here, there is no question Defendants had actual notice of this action in light of their two requests for extensions to file an Answer. Defendant McCarville's (an attorney) intentional act of failing to file an Answer was the result of his failure to "properly read the clear language" of Rule 55. Defendant McCarville's own admission that he erroneously assumed that he had ten days following entry of default to file an Answer further demonstrates his failure to "properly read the clear language" of Rule 55. This intentional act aimed at manipulating this litigation is confirmed by his former employee, who declares that it is Defendant McCarville's *modus operandi* in his law practice to wait until after application for entry of default before he files Answers on his clients' behalf. It is Defendant McCarville's profession to know the Rules of procedure.

### ii. Defendants Have Not Provided Specific Facts That Would Constitute a Meritorious Defense.

"A defendant seeking to vacate default judgment must present <u>specific facts</u> that would constitute a defense." *TCI Group Life Insurance Plan*, 244 F.3d at 697 (emphasis supplied); *Madsen v. Bumb*, 419 F.2d 4, 8 (9th Cir. 1969) (holding district court did not err in declining to vacate default judgment when defendant offered "mere general denial without facts to support it"). In *Madsen*, the Court affirmed the District Court's decision that a meritorious defense was not demonstrated based merely on general denials within an Answer:

> Madsen's proposed Answer consists of a **mere general denial** without facts to support it and is unverified. Madsen has also filed a lengthy and verbose affidavit and a proposed 'Further and Separate Defense" which is the nature of a counterclaim. Neither has anything to do with the facts charged against Madsen in the Complaint. Thus, **no meritorious defense to the action** is shown.

*Id.* (emphasis supplied). Insert more.

Here, Defendants' reliance on their lodged Answer is insufficient because it consists merely of denials and admissions without any facts to support said denials. Defendants may argue that the Affirmative Defenses contained in the lodged Answer sets forth facts allegedly presenting a meritorious defense, but the Court in *Madsen*, supra, noted that Affirmative Defenses were not sufficient to constitute a meritorious defense. Also, assuming the limited facts set forth in Defendants' affirmative defenses were sufficient to constitute a meritorious defense, such facts would only be applicable to Count One of the First Amended Complaint "(FAC"). The FAC contains four counts, only one of which alleges violations of the overtime provisions of the FLSA. Defendants' limited facts in the affirmative defenses address only overtime issues, and fail to address Plaintiff's IIED count, and two Arizona statutory counts. *See*, Doc. 20 at ¶17.

### iii.  **Plaintiff Would Be Prejudiced By Setting Aside the Entry of Default.**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Insurance Plan*, 244 F.3d at 699. The "standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Plaintiff in this action will be prejudiced and of course her case will be "hindered" because the last date of the events giving rise to this action occurred in May 2009, (Doc. 11), and Plaintiff's and other witnesses' memories of the events continues to diminish as the days pass. Additionally, Plaintiff currently is and has been unemployed since she left the Defendants' employ, and each delay of this action causes Plaintiff to be without the income that

she had earned, but not received. In light of the evidence presented that Defendant McCarville intentionally waits until application of entry of default to file an Answer in his practice, such gross manipulation of the court system cannot be used to prejudice Plaintiff any further. Moreover, Plaintiff is further prejudiced by the time and efforts it took her, which took away from focusing on the merits of this case, to research, draft and submit a Motion to Strike the Answer, a Response to this Motion, applying for entry of default, and applying for entry of default judgment.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests Defendants' Motion be denied.

RESPECTFULLY SUBMITTED this 10th Day of May, 2010.

**THE STROJNIK FIRM LLC**



Peter Kristofer Strojnik
3030 North Central Avenue
Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff Nikki Parker