**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikki J. Parker, ) ) Plaintiff, ) ) vs. ) ) McCarville Law Offices, PLC et al., ) ) Defendants. ) ) _____ ) | No. CV10-00304-PHX-NVW<br><br>**ORDER** |

Before the Court are Defendants' Motion to Set Aside Entry of Default (doc. #26), Plaintiff's Motion for Default Judgment (doc. #18), and Plaintiff's Motion to Strike Defendants' Answer (doc. #23). For the reasons stated below, the Court will grant Defendants' motion and deny Plaintiff's motions.

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Group*, 375 F.3d 922, 925-26 (9th Cir. 2004) (citation omitted). The good cause analysis consist of three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *Id.* at 926. The district court is free to deny a motion to set aside a default if any of the three factors is satisfied. *Id.*; *see also Cassidy v. Tenorio*, 856 F.2d 1412 (9th Cir. 1988) ("This tripartite test

is disjunctive. Hence, a finding that the plaintiff will be prejudiced, or that the defendant lacks a meritorious defense, or that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment."). The defendant bears the burden of showing that the default should be set aside. *Franchise Holding II*, 375 F.3d at 926.

A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally fails to answer. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). Culpability requires willful and deliberate conduct, or evidence of bad faith. *Id*. "Neglectful failure to answer as to which defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' . . . ." *Id*. The parties stipulated that Defendants could answer by April 15, 2010. Defendant McCarville avers that he attempted to file an answer that day but could not because he did not have an ECF password and did not realize that his Bankruptcy Court password would not work in the federal district courts. Defendant McCarville's conduct does not evince an intention to take advantage of Plaintiff, to interfere with judicial decisionmaking, or otherwise manipulate the legal process.[1] Therefore, Defendants' conduct is not culpable.

"To justify vacating [a] default judgment, [the defendant] ha[s] to present the district court with specific facts that would constitute a defense." *Franchise Holding II*, 375 F.3d at 926-27. Plaintiff misreads *Madsen v. Bumb*, 419 F.2d 4, 8 (9th Cir. 1969), to hold that an affirmative defense cannot constitute a meritorious defense. It is hard to imagine how a defendant would show that he has a meritorious defense other than by pleading an affirmative defense. Further, contrary to Plaintiff's contention, Defendants' answer does not consist of a mere general denial, but contains several affirmative defenses supported by

---

[1] Defendant McCarville's alleged habit of submitting untimely answers in state court has no bearing on this case. No evidence has been presented to the Court that Defendant McCarville intentionally filed a late answer in this case.

specific facts. Defendants have therefore satisfied the second factor of the good cause analysis.

To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of the case. *Knoebber*, 244 F.3d at 701. Plaintiff contends that she will be prejudiced because the last day of the events giving rise to this case took place in May 2009 and Plaintiff's and other witnesses' memories of the events continues to diminish as time passes. However, Plaintiff waited until February 11, 2010, to file her complaint. Plaintiff's first amended complaint was not filed and served until March 17, 2010. Plaintiff cannot blame Defendants for waiting nine months to file her suit, and for waiting another month to file and serve an amended complaint. By stipulation, Defendants had until April 15, 2010, to file an answer. Defendants filed an answer on April 20, 2010, only five days later, and moved to set aside the default on April 26, 2010, only eleven days after the answer was due. Defendants did not engage in unreasonable delay.

Plaintiff also contends that she will be prejudiced because she had to expend resources to litigate the default. However, a plaintiff does not suffer a cognizable prejudice merely by incurring costs in litigating a default. *Knoebber,* 244 F.3d at 701. While Plaintiff is entitled to litigate her claim in any way she chooses to, "the fact that she chose to oppose vacating the default and was unsuccessful in doing so cannot establish prejudice." *Id*.

Plaintiff lastly argues that she is and has been unemployed since she left Defendants' employ, and that each delay in this action causes her to be without the income that she earned but has not received. However, Plaintiff's entitlement to the income she alleges she earned is precisely what is being litigated in this case. As the Court has already explained, a delay in the resolution of the case is simply not enough to constitute prejudice. *See id*.

"Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984). Defendants have shown that there is good cause for setting aside the default. The Court will therefore grant Defendants' motion to set aside the default.

Because the Court is setting aside the default, Plaintiff's Motion for Default Judgment (doc. #18) will be denied as moot. Likewise, Plaintiff's Motion to Strike Defendants' Answer is premised upon the validity of the default. Since the Court is setting aside the default, there is no reason to strike Defendants' answer, and Plaintiff's motion will be denied as moot.

IT IS THEREFORE ORDERED that Defendants' Motion to Set Aside Entry of Default (doc. #26) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Answer (doc. #23) is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (doc. #18) is denied.

DATED this 27th day of May, 2010.

_____
Neil V. Wake
United States District Judge