**THE STROJNIK FIRM LLC**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
strojnik@skplaw.com
Attorney for Plaintiff Nikki J. Parker

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| NIKKI J. PARKER, an individual, | NO.  2:10-cv-0304-PHX-NVW |
| Plaintiff, | **PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AS STATED ON THE RECORD ON APRIL 5, 2011 AND REQUEST FOR SANCTIONS** |
| vs. | |
| MCCARVILLE LAW OFFICES, PLC, an Arizona Professional Limited Liability Company; DAVID A. MCCARVILLE, an individual, | **Expedited Consideration Requested In Light of 4-26-11 and 4-29-11 Doc. 71 Deadlines** |
| Defendants. | |

## MOTION

Plaintiff Nikki J. Parker, by and through undersigned counsel, hereby moves this Court for an Order requiring Defendants to abide by the terms of the Settlement Agreement as stated on the record on April 5, 2011, which was sealed and therefore Plaintiff is precluded from reciting the material terms.  The grounds for this Motion are Defendants are insisting on inserting a number of substantive provisions that were not contemplated or agreed to by the Parties at settlement conference.  Defendants are insistent on these additional terms notwithstanding several meet and confer e-mails, and therefore this Motion is regrettably filed

-1-

but unfortunately necessary.  Plaintiff also seeks sanctions against Defendants and their counsel in the amount of $1,750.00 for the research and preparation of this Motion.

WHEREFORE, Plaintiff respectfully requests the Court order Defendants to draft and execute a written settlement agreement accurately and exactly reciting the terms agreed to on the record on April 5, 2011, and sanctions levied against Defendants and their counsel in the amount of $1,750.00.  This Motion is more fully supported by the below Memorandum of Points and Authorities, which by this reference is incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  RELEVANT FACTS

On April 5, 2011, the Parties agreed to the essential terms to settle the above-captioned controversy in front of the Honorable Magistrate Judge David K. Duncan (the "Agreement").  See, Doc. 71 ("The essential terms of the Settlement Agreement have been put forth on the record").  The Court ordered the content of the Agreement to be sealed (Doc. 71) and instructed the Parties to enter into a written settlement agreement reflecting the essential terms of the Agreement not later than April 26, 2011.  Id.[1]

Since the Court's Doc. 71 Order, the Defendants presented a written settlement agreement that seeks to alter the terms of the Agreement and add several, substantive provisions that were not agreed to on the record or even contemplated by the Parties at the time of settlement.  See, Exhibit 1 (E-mail from Defendants' counsel w/attached proposed settlement agreement redacted to eliminate disclosure of sealed settlement terms and **bold underlined**

---

[1] Plaintiff is precluded from disclosing the open court terms and from disclosing as exhibits the e-mails exchanged between Counsel because many if not all of the relevant e-mails contain the essential terms protected under seal.

**portions are Defendants' added and re-negotiated terms**).    The renegotiated and added terms Defendants seek are:

1.  A 60-day grace period to make payments to Plaintiff, Id. at ¶13;

2.  Altering the payment scheme of the Agreement by providing two checks for each payment (one to counsel and one to Plaintiff) instead of the agreed payment scheme in the Agreement, Id. at ¶3;

3.  Inserting several tax provisions that were not agreed to and are detrimental to Plaintiff's interests, including, but not limited to, requiring Plaintiff to indemnify Defendants for his/its tax responsibilities relating to his settlement payments to Plaintiff, and classifying all of the settlement amount as unpaid wages even though three of the four counts in the Complaint dealt with matters other than unpaid wages, Id. at ¶3-4; and,

4.  Requiring the Court to rule on a Motion to Approve the settlement even though the essential terms were read into the record.  Id. at ¶16.

## II. ARGUMENT AND SUPPORTING LAW

### A. Defendants Are Attempting to Renegotiate and Add to the Specific Terms of the Settlement Agreement Consented to By Both Parties On the Record

"An open court stipulation as to a settlement agreement is a contract but made with more solemnity and with better protection to the rights of the parties than an ordinary contract made out of court."  Junkie Branson, L.L.C. v. Bath Junkie, Inc., 528 F.3d 556, 561 (8th Cir. 2008 (quotations and citations omitted).  A district court may enforce an oral settlement agreement when the parties placed the material terms of the settlement agreement on the record in open court.  Doi v. Halekulani Corp., 276 F.3d 1131, 1134 (9th Cir. 2002).

The facts of <u>Doi</u> are the same as in this instant matter.  In <u>Doi</u>, the parties entered into a settlement on the record of a Title VII and ADEA case, and they agreed to enter into a later written agreement reflecting the on-the-record agreement.  The on-the-record agreement in <u>Doi</u> was:

> DEFENSE COUNSEL: Thank you, Your Honor. My understanding is that Halekulani Corporation will **pay the sum of $15,000 to the plaintiff**. The settlement draft will be made payable to Claire Doi and Charles Brower, her attorney. In exchange for that there will be a **stipulation to dismiss this case with prejudice as well as a release and indemnity agreement executed by the plaintiff.** In addition, the release agreement will specify that Ms. Doi will resign from her job with the Halekulani [sic] effective upon the filing of the stipulation for dismissal with prejudice. **She also agrees not to reapply to any related entities of Halekulani Corporation**, and those entities will be listed and set forth in the release document. The release will also specify that there is a mutual confidentiality provision, which will be agreed upon by counsel, as well as a mutual nondisparagement agreement. There will be no admission of liability on the part of Halekulani Corporation or any defendant by virtue of this settlement and that will be specified in the release as well.
>
> Finally, the **payment of $15,000 will also be memorialized by a Form 1099 issued by Halekulani**, and we will agree to work with counsel for plaintiff in terms of drafting language with regard to the consideration of $15,000 and its applicability.

<u>Id</u>. at 1132 (emphasis supplied).  The plaintiff Doi subsequently declined to sign the written agreement reflecting the on-the-record agreement and instead attempted to renegotiate the open court terms.  <u>Id.</u> at 1135.  After Defendants filed a Motion to Enforce the agreement, the Court ordered Plaintiff to execute the written agreement reflecting the on-the-record terms and awarded sanctions.  <u>Id.</u>  Since <u>Doi</u>, Courts in the Ninth Circuit have consistently enforced on-the-record settlement agreements where one party refuses to sign or seeks to add additional terms.  <u>See</u>, <u>Armstrong v. City & County of San Francisco</u>, 2004 U.S. Dist. LEXIS 24505, *8-12 (N.D. Cal. June 15, 2004); <u>Hubbard v. Yardage Town, Inc.</u>, 2005 U.S. Dist. LEXIS 40404,

*6-10 (S.D. Cal. Nov. 29, 2005); <u>Doe v. Washoe County</u>, 2006 U.S. Dist. LEXIS 95312, *25-26 (D. Nev. Oct. 13, 2006); <u>Schiff v. City & County of San Francisco</u>, 2007 U.S. Dist. LEXIS 50532, *6-11 (N.D. Cal. July 12, 2007).

In <u>Doi</u> as in the instant matter, the open court settlement terms were specific and consented to the Parties.  The open court settlement in <u>Doi</u> was *so* specific that it included matters that Defendants in this action are currently seeking to add but should have discussed in open court, e.g. tax provisions, payments to plaintiff and her counsel, indemnity provisions, and plaintiff's promise not to reapply.  It is clear in the instant action that Defendants are seeking to renegotiate the terms of the on-the-record Agreement by adding several detrimental tax provisions, (Ex. 1 at ¶3-4), a 60-day cure period (Id. at ¶13), directing payments to Plaintiff and her counsel that directly contradicts the on-the-record Agreement (Id. at ¶3), indemnity provisions (Id. at ¶4), and requiring a Motion for Approval on a settlement that was agreed to in open court with the Parties' open court consent. <u>Id</u>. at ¶16.   The sealed record recited very specific terms, but Defendants are attempting to renegotiate and add terms that neither Party contemplated at the time of settlement conference and which Defendants should have addressed.

**B.  <u>Sanctions Should Be Levied Against Defendants And Their Counsel</u>**

Plaintiff has attempted to meet and confer with Defendants to no avail.  <u>See</u>, Exhibit 2 (Declaration of Counsel).   Defendants continue to be insistent on tax provisions, indemnification provisions, new motions, extraordinarily long grace periods for payment, and payments directly to Plaintiff instead of the agreed payment method.  <u>Id</u>.   As a result of Defendants' attempt to renegotiate, Plaintiff was forced to file this Motion.  Plaintiff's counsel

spent 3.5 hours researching, drafting and reviewing this Motion and anticipates another 1.5 hours for the Reply.  Id.  Plaintiff's counsel bills out at $350.00 per hour, and therefore Plaintiff requests sanctions against Defendants and their counsel in the sum of $1,750.00.  Id.

**C. Defendants' Position**

As stated above, Defendants continue to insist on several provisions that were not contemplated or agreed to on April 5, 2011.  Id.  Plaintiff gave Defendants a final opportunity to agree to draft a written agreement to accurately and specifically reflect the on-the-record Agreement not later than 5:00 p.m. today.  Id.  Defendants failed to respond.  Id.

## III.    CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests Defendants draft, present and execute a written settlement agreement that accurately and specifically recites the essential terms recited into the record on April 5, 2011.  Plaintiff further prays for sanctions in the amount of $1,750.00 and expedited consideration in light of the April 26, 2011 deadline for signing the Agreement and April 29, 2011 deadline for filing a Stipulation of Dismissal With Prejudice.  A proposed form of Order is attached as Exhibit 3.

RESPECTFULLY SUBMITTED this 20th Day of April, 2011.

THE STROJNIK FIRM L.L.C.


*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik
Bank of America Tower
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff Nikki Parker

Copy also directed this 20th Day of April, 2011 to:

The Honorable Magistrate Judge David K. Duncan
Via e-mail:  duncan_chambers@azd.uscourts.gov

*/s/ Peter Kristofer Strojnik*