**From:**
"Peters, Kristy L." <KPeters@littler.com>(Add as Preferred Sender)
**Date:**Fri, Apr 15, 2011 4:27 pm**To:**"strojnik@skplaw.com" <strojnik@skplaw.com>**Cc:**"Badoux, Laurent R." <LBadoux@littler.com>, "Bullis, Linda" <LBullis@littler.com>, "Umber, Sandra" <SUmber@littler.com>

Peter:

Attached is a draft of the settlement agreement. Let me know if you can't open it. Feel free to contact us if you have any questions or changes.

Thanks,
Kristy

Kristy Peters, Attorney At Law
602.474.3639 direct kpeters@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

Littler | littler.com
Employment & Labor Law Solutions Worldwide

----
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.
To reply to our email administrator directly, send an email to postmaster@littler.com
Littler Mendelson, P.C.
http://www.littler.com

Download

| Attachments | Size | Action(s) | Send To |
|---|---|---|---|
| logo.jpg | 11 k | Download | |
| McCarville _ Parker _ Settlement Agreement.DOCX | 60 k | Download | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into freely and voluntarily this ______day of April, 2011, by and between Nikki J. Parker ("Claimant") and McCarville Law Offices, PLC and David A. McCarville, and their parents, subsidiaries,

affiliates, agents, successors, assigns and related entities, (collectively "Defendants"). For purposes of this Agreement, Claimant and Defendants are collectively referred to herein as the "Parties."

**RECITALS**

A. On or about February 11, 2010, Claimant filed an action with the United States District Court, District of Arizona, against Defendants, Lawsuit No. CV 10-0304, entitled "Nikki J. Parker v. McCarville Law Offices, PLC and David A. McCarville" (the "Lawsuit"). In the Lawsuit, Claimant made various claims against Defendants based on her employment with Defendants and sought damages, attorneys' fees and costs against Defendants.

B. Defendants have denied, and continue to deny, any liability to Claimant. Nevertheless, in order to avoid additional litigation expenses, the Parties desire to settle and resolve all disputes, differences and claims that now exist or may exist between them as of the date of this Agreement.

NOW, THEREFORE, in consideration of the foregoing recitals, and the mutual covenants, obligations and general release contained herein, the Parties hereby agree as follows:

**AGREEMENT**

1. No Admission of Liability. The Parties acknowledge that by entering into this Agreement, Defendants do not admit liability to Claimant for any claim asserted in the Lawsuit or otherwise.

2. Consideration. In settlement of this matter, Defendants will pay a total gross amount of [redacted] (the "Settlement Amount"). The Parties agree that the Settlement Amount constitutes sufficient consideration for the release, obligations and covenants contained in this Agreement.

3. Manner of Payment. Defendants will pay the Settlement Amount as follows: The first payment, in [redacted] will be made in two checks. **The first check of** [redacted] **will be made payable to The Strojnik Firm, LLC IOLTA Account" (the "Firm"), Tax ID # ____________, without any withholdings, and the Firm will be issued a Form 1099 for this amount, as this amount represents attorneys' fees and costs attributable to representing Claimant in the Lawsuit.** The Firm will provide Defendants with a completed W-9 related to this payment. **The second check of** [redacted] **will be issued by McCarville Law Offices and made payable to "Nikki J. Parker," will be subject to all applicable withholdings, and a W-2 will be issued for this amount related to wage-related damages.** The remaining payments of [redacted] per month will occur at one month intervals beginning [redacted], and end with a final payment on [redacted]. Each [redacted] **monthly payment will be made in two checks. The first check of** [redacted] **will be made payable to The Strojnik Firm, LLC IOLTA Account" (the "Firm"), Tax ID # ____________, without any withholdings, and the Firm will be issued a Form 1099 for this amount, as this amount represents attorneys' fees and costs attributable to representing Claimant in the Lawsuit. The second check of** [redacted] **will be issued by McCarville Law Offices and made payable to "Nikki J. Parker," will be subject to all applicable withholdings, and a W-2 will be issued for this amount related to wage-related damages.** Defendants reserve the right to prepay the monthly payments. Claimant agrees and acknowledges the Settlement Amount fully and adequately compensates her and her attorneys for the release and the other provisions in this Agreement, is a full and complete settlement of any and all claims Claimant has including, but not limited to, the claims made in her Lawsuit and any claims for attorneys' fees, costs and disbursements, and represents payment for settlement of a disputed, compromised claim.

4. **Tax Treatment and Indemnification.** Claimant agrees to be responsible for and pay any and all taxes and assessments that are or may become due and owing on account of the payment of any of the Settlement Amount, and to indemnify Defendants for any taxes and assessments (including, but not limited to, unpaid taxes, penalties or interest) that Defendants may be required to pay as a result of the Parties' agreed-upon tax treatment of the Settlement Amount or Claimant's (or her attorneys') failure to pay required taxes or other assessments on any portion of the Settlement Amount.

[redacted]

5



[redacted]

8. Reliance. The Parties acknowledge that in deciding to sign this Agreement:

(a) They have relied upon their own judgment and that of the persons each has chosen to provide advice or counsel regarding this Agreement;

(b) They have had the opportunity to consult with an attorney of their own choosing before signing this Agreement;

(c) They have had a sufficient period of time to consider whether to enter into this Agreement and to consider the terms and provisions of this Agreement;

(d) No statement made by any party or their agents has in any way unduly influenced or coerced another party to sign this Agreement; and

(e) This Agreement is written in a manner that is understandable to the Parties and each has read and understood all paragraphs of this Agreement.

9. Severability. Should a court of competent jurisdiction declare any portion of this Agreement unenforceable, for whatever reason, the remainder of the Agreement will continue in full force and effect as though the Agreement does not contain the unenforceable portion.

[redacted]

11. **Agreement Not To Apply: Claimant acknowledges and agrees that as part of the consideration for this Agreement, Claimant agrees not to apply for a position with McCarville Law Offices at any point in the future, and further acknowledges that, if such**

**<u>an application is submitted unintentionally by or on behalf of Claimant, McCarville Law Offices will be entitled not to consider such application without any legal liability or repercussion.</u>**

12. <u>Governing Law</u>. This Agreement will be interpreted, enforced and governed by Arizona law and any action relating to this Agreement will be maintained in a court of competent jurisdiction in Arizona in or for Maricopa County.

13. <u>Notice of Breach of Agreement/Opportunity to Cure</u>. In the event that one Party ("Notifying Party") believes the other Party has breached the Agreement ("Breaching Party"), the Notifying Party must provide written notification to the Breaching Party detailing the nature of the breach. **<u>The Breaching Party has 60 days from the date of the written notification to cure the breach before the Notifying Party can take legal action regarding the breach.</u>**

14. <u>Entire Agreement</u>. The Parties agree that this Agreement sets forth the Parties' complete and final agreement and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the matters addressed herein. Further, this Agreement may not be altered or amended except by a writing executed by the Parties. The Parties intend that this Agreement must be fairly and reasonably construed in light of their intent as expressed above.

15. <u>Counterparts and Copies</u>. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Copies of any such counterparts may be used in lieu of the originals for any purpose.

16. **<u>Final Approval. Promptly after execution of this Agreement, the parties shall file a joint Motion for Approval of the settlement, including submittal of this Agreement, under seal and with a request that the final approval of settlement likewise be sealed. The parties shall seek an expeditious hearing on the joint motion for approval, consistent with the Court's docket and the schedules of counsel. If the Court approves the settlement, the</u>**

**Court shall dismiss all claims with prejudice. If the Court does not approve the settlement, or approves the settlement but subject to conditions or modifications which are not acceptable to both parties, the parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both parties and the Court.**

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the _____ day of ____________, 2011.

CLAIMANT

_______________________________
Nikki J. Parker

Date: ___________________________

MCCARVILLE LAW OFFICES, PLC

By:_____________________________

Its: _____________________________

Date: ___________________________

DAVID MCCARVILLE

_______________________________

Date: ___________________________

AS TO FORM:

THE STROJNIK FIRM, LLC
Attorneys for Claimant

_______________________________
Peter K. Strojnik

Date: ___________________________

AS TO FORM:

LITTLER MENDELSON, P.C.,
Attorneys for Defendants

_______________________________
Kristy L. Peters

Date: ___________________________

C:\Documents and Settings\kpeters\Desktop\ Settlement Agreement 5.doc