**THE STROJNIK FIRM LLC**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
strojnik@skplaw.com
Attorney for Plaintiff Nikki J. Parker

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| NIKKI J. PARKER, an individual, | NO. 2:10-cv-0304-PHX-NVW |
| Plaintiff, | **DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| vs. | |
| MCCARVILLE LAW OFFICES, PLC, an Arizona Professional Limited Liability Company; DAVID A. MCCARVILLE, an individual, | |
| Defendants. | |

I, Peter Kristofer Strojnik, declare under the penalty of perjury under the laws of the State of Arizona the following:

1. My name is Peter Kristofer Strojnik. I am an attorney licensed to practice law in all federal and state courts in the States of Arizona and California.

2. I am counsel of record for Plaintiff Nikki J. Parker in the matter of Parker v. McCarville Law Offices, PLC et al., District of Arizona Cause No. 2:10-cv-304 ("Litigation").

3. On April 5, 2011 at settlement conference in front of the Honorable Magistrate Judge David K. Duncan, the Parties agreed to settle the Litigation on specific terms in open court. Due to confidentiality, the Court ordered the terms of the Agreement sealed.

-1-

4. The Court issued Doc. 71 Order, which required the parties to enter into a written settlement agreement accurately reflecting the open court agreement not later than April 26, 2011, and to file a Stipulation of Dismissal not later than April 29, 2011.

5. On April 15, 2011, Defendants submitted a proposed written settlement agreement that added several terms and provisions that were not agreed to in open court, which included an indemnification provision, detrimental tax provisions, a provision requiring the Parties to file a motion for approval, a 60-day grace period for Defendants to make settlement payments, and a provision directly contradicting to whom the settlement checks are made payable.

6. Since Defendants' provision of the proposed written agreement, I have unsuccessfully attempted to discuss and resolve Defendants' insistence on the additional terms through at least twenty back and forth e-mails.[1]  I have requested that Defendants provide an agreement that accurately reflects the on-the-record agreement, but Defendants insist on the additional terms.

7. As late as today, I sent an e-mail to Defendants requesting they agree to the open court terms not later than 5:00 p.m., but they failed to respond.

8. As a result of Defendants' insistence of the provisions not agreed to in open court, Plaintiff is unwilling to sign their proposed, renegotiated agreement.  As a result, I was forced to draft a Motion to Enforce the Agreement, which took me exactly 3.5 hours to research, draft, review and revise.  I also anticipate another 1.5 hours for the Reply.

---

[1] I cannot disclose these e-mails because the majority contain the sealed terms of the open court agreement.

9. My customary practice is to bill out at $350.00 per hour. Therefore, fees will amount to $1,750.00.

10. I declare under penalty of perjury the foregoing is true and correct.

Further the Declarant sayeth naught.

DATED this 20th Day of April, 2011.

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik