1   Neil M. Alexander; AZ Bar No. 020757
nalexander@littler.com
2   Laurent R.G. Badoux; AZ Bar No. 020753
lbadoux@littler.com
3   Kristy L. Peters, AZ Bar No. 024756
kpeters@littler.com
4   LITTLER MENDELSON
A Professional Corporation
5   2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
6   Telephone:   602.474.3600
Facsimile:   602.957.1801
7
8   Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikki J. Parker, an individual, | Case No. CV 10-304-PHX-JRG |
| Plaintiff, | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AS STATED ON THE RECORD ON APRIL 5, 2011 AND REQUEST FOR SANCTIONS** |
| v. | |
| McCarville Law Offices, PLC, an Arizona professional limited liability company; David A. McCarville, an individual, | |
| Defendants. | |

Defendants McCarville Law Offices, PLC and David McCarville hereby respond in opposition to Plaintiff's unnecessary Motion to Enforce Settlement Agreement as Stated on the Record on April 5, 2011 and Request for Sanctions.

**I.**    **PLAINTIFF SOUGHT WAGE DAMAGES AND THESE WAGES MUST BE TREATED AS WAGES SUBJECT TO APPLICABLE EMPLOYMENT TAXES**

Plaintiff brings a claim for unpaid overtime wages under the Fair Labor Standards Act (29 U.S.C. § 216(b)).  Pursuant to this statute, the measure of damages is unpaid but owed wages which are, therefore, subject to applicable withholdings.  Plaintiff also brings claims

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

for wrongful termination and constructive discharge under A.R.S. §§ 23-1501; 23-1502.[1]  In her Settlement Conference Memorandum, Plaintiff's "relief requested" was solely overtime, liquidated damages, back pay, front pay and attorneys' fees.  Specifically, Plaintiff set forth the following chart allocating her damages in her Settlement Conference Memorandum[2]:

| Count | Damages | Type Amount |
| --- | --- | --- |
| Count 1 | FLSA Compensatory damages; Overtime pay | $xx |
| Count 1 | FLSA Liquidated damages | $xx |
| Count 1 | FLSA Attorneys. fees and costs (approximate) | $xx |
| Counts 2-3 | Back pay | $xx |
| Counts 2-3 | Estimated future lost wages (1 year) | $xx |

Plaintiff never claimed she was entitled to any damages other than the above categories of damages.  Therefore, the entire settlement conference discussion was based on Plaintiff's claim for damages as identified above.

Plaintiff asserts that a settlement reached by the parties under the FLSA and for back pay and front pay can be paid by Defendants without any deduction for taxes; that is, reported to the Internal Revenue Service (IRS) via a 1099-MISC.  This position is legally erroneous.

Because the IRS and state tax agencies are not parties to settlements between employers and employees, they are not required to respect the tax consequences inherent in such settlements.   As such, a settlement agreement's characterization or division of settlement amounts is not binding on the government.  *Hemelt v. Comm'r*, 122 F.3d 204, 208 (4th Cir. 1997); *Vincent v. Comm'r*, T.C. Memo 2005-95; see also Treas. Reg. § 31.3121(a)-1(c).  Rather, the nature of the claim that was the basis for actual settlement, but not the validity of the claim, controls the characterization of the income for tax purposes.  *Bagley v. Comm'r*, 105 T.C. 396, 406 (1995); *Allum v. Comm'r*, T.C. Memo 2005-177.  Determination of the nature of the claim is primarily a factual question that is generally made by reference

---

[1] Plaintiff voluntarily withdrew her intentional infliction of emotional distress claim in her settlement conference memorandum and via email to undersigned counsel.
[2] The actual dollar amounts requested by Plaintiff are redacted for purposes of this Response.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

to the settlement agreement. *Robinson v. Comm'r*, 102 T.C. 116, 126 (1994). Inquiry is based on payor's intent or dominant reason for making payment. *Knuckles v. Comm'r*, 349 F.2d 610, 613 (10th Cir. 1965); *Metzger v. Comm'r*, 88 T.C. 834, 847 (1987). However, intent of the parties is not controlling. *Dotson v. United States,* 87 F.3d 682, 687 (5th Cir. 1996). Rather, the courts will make the following inquiry:

> the classification of amounts received in settlement of litigation is to be determined by the nature and basis of the action settled, and amounts received in compromise of an action must be considered as having the same nature as the right compromised …. These two considerations lead us to our test: it "is not whether the action was one in tort or contract but rather the question to be asked is 'in lieu of what were the damages awarded?'" (citations omitted).

*Alexander v. Internal Revenue Serv.,* 72 F.3d 938, 942 (1st Cir. 1995).

In order for the allocation in a settlement agreement to be respected, it must be entered into (1) in an adversarial relationship; (2) at arm's length; and (3) in good faith. It is not enough for the parties to reach a settlement figure in an adversarial relationship; rather, the allocation must also be based on adversarial positions. For example, in *Robinson v. Commissioner*, following a jury verdict for about $60 million, including $6 million for lost profits, $1.5 million for mental anguish, and $50 for punitive damages, the parties settled for about $10 million. Plaintiff wanted to allocate 95 percent of settlement to mental anguish (which was not taxable at the time). The court rejected the settlement allocation because it was not based on a reasonable allocation consistent with the claims alleged in the lawsuit. *See also Vincent v. Comm'r*, T.C. Memo 2005-95.

Turning then to this matter, the natural starting place for determining whether the allocation made in a settlement agreement is appropriate is Plaintiff's claims. Certain claims and causes of action are only entitled to certain damages. Under the FLSA, the only available damages are back pay, liquidated damages and interest. Liquidated damages are equal to the amount of back pay. Further, for Plaintiff's state law claims, she only claimed back pay and front pay damages.

All payments of wages are treated as wages subject to employment taxes unless specifically exempted, and no statute or regulation exempts back pay from the definition of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-3-

wages for tax purposes. IRC § 3401; *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200 (2001). This is true even if the workers receiving the payments are no longer employed by the payor for other purposes at the time the payment is made. Treas. Reg. § 31.3401(a)-1(a)(5). In *Social Security Bd. v. Nierotko*, 327 U.S. 348 (1946), the United States Supreme Court held that back pay awarded under the National Labor Relations Act to an employee who had been wrongfully discharged was "wages" under the Social Security Act. The Court noted that the back pay constituted remuneration and also held that the remuneration was for "employment" even though the back pay related to a period during which the petitioner did not perform any service. *Id.*, at 365-366. *Nierotko* has been cited in numerous cases dealing with the question of whether payments upon settlement of claims constituted wages for employment tax purposes. E.g., *Mayberry v. United States*, 151 F.3d 855 (8th Cir. 1998); *Hemelt v. United States*, 122 F.3d 204 (4th Cir. 1997). The only exception to this general rule is when the back pay is received on account of a personal physical injury or illness. E.g., *Johnson v. United States*, 76 Fed. Appx. 873 (10th Cir. 2003). Such is not the case in a FLSA action, and Plaintiff did not allege any personal physical injury or illness for her state law claims in her Settlement Conference Memorandum. Indeed, she dismissed her claim for intentional infliction of emotional distress because "[t]he facts developed in the record to not support the allegations." Accordingly, Defendants' payment of wages to Plaintiff must be treated as wages subject to employment taxes.

## II.    IN ORDER FOR PLAINTIFF TO WAIVE HER CLAIMS UNDER THE FLSA, THE AGREEMENT MUST BE APPROVED BY THE COURT

Claims brought by individuals under the FLSA are non-waivable. *See, e.g. Walton v. United Consumers Club*, 786 F.2d 303, 27 WH Cases2d 962 (7th Cir. 1986) ("[c]ourts . . . have refused to enforce wholly private settlements [of FLSA claims]; *see also Mayhue's Super Liquor Stores v. Hodgson*, 464 F.2d 1196, 1197 n.1 20 WH Cases 808 (5th Cir. 1972) (listing cases). The release of an FLSA claim approved by neither the Department of Labor nor the district court remains unenforceable. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

697, 708 (1945) ("No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act."). However, private settlements of FLSA claims may be upheld if the settlement is approved by a court following initiation of an action under the FLSA. *See Summers v. Howard Univ.*, 374 F.3d 1188 (D.C. Cir. 2004) (holding that the court may enter a stipulated judgment with the consent of the parties after it has scrutinized the settlement for its fairness to the employee).

Here, the Parties agreed to mutually release all claims, including Plaintiff's FLSA claims. In order to order for Plaintiff to release her FLSA claim – the central claim in her lawsuit – the Parties are required to get Court approval of the Agreement to make it enforceable. However, Plaintiff refuses to allow the Parties to submit the Agreement to the Court for approval. Because Plaintiff cannot release her FLSA claim without Court approval of the Agreement, Plaintiff is refusing to comply with a material term of the Agreement. Accordingly, Plaintiff's Motion to enforce the Agreement without seeking Court approval of the waiver of Plaintiff's FLSA claim must be denied.

## III.  DEFENDANTS HAVE NOT ADDED MATERIAL TERMS TO THE SETTLEMENT AGREEMENT AND PLAINTIFF'S MOTION IS UNREASONABLE

On April 5, 2011, counsel for Defendants sent Peter Strojnik, counsel for Plaintiff, an e-mail that stated in relevant part: "For the apportionment of the settlement payment, can you let me know what portion of the initial $xx payment and each monthly payment will be to your firm as attorneys' fees? Since Ms. Parker's claims are wage related, we need to apportion her W2 wages from the attorneys' fees." *See* Declaration of Kristy L. Peters, attached hereto as Exhibit A. Plaintiff's counsel responded within two hours and stated: "My fee with her is 40 percent."

On April 15, 2011, counsel for Defendants sent counsel for Plaintiff a draft version of the Settlement Agreement. *Id.* On April 17, 2011, counsel for Plaintiff sent his red-lined changes to the Agreement. *Id.* In this red-lined version, Plaintiff's legal obligation to receive the wage payments on a W-2 basis were deleted, as well as the provision stating that the Settlement Agreement is subject to Court approval. *Id.* For the reasons mentioned

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-5-

above, both of these provisions are necessary to effectuate the Parties' agreement to mutually waive all claims. *Id.* On April 19, 2011, counsel for Defendants e-mailed opposing counsel explaining the legal requirements of the applicable withholdings for Plaintiff's wage payment and the requirement for Court approval. Defendants also stated they were willing to negotiate all other provisions in the draft Agreement. Later this same day, counsel for Plaintiff responded and agreed that his client was required to be paid on a W-2 basis, at least in part, as it pertained to the initial lump sum amount, but disagreed with Defendants' position that the Agreement must be submitted for Court approval to effectuate waiver of his client's claims. *Id.*

On April 20, 2011, counsel for Defendants sent counsel for Plaintiff an updated Agreement incorporating the changes the Parties agreed on, and highlighting the two sections that were still being discussed. *Id.* In response, counsel for Plaintiff stated he would not agree to any terms in the Settlement Agreement other than the brief summary of the terms on the record at the settlement conference, and stated that he would file this Motion with the Court at 5:00 p.m. that same day if Defendants did not agree to his demand to pay Plaintiff exclusively on a 1099 basis and not submit the Agreement to the Court for approval to effectuate the release of her FLSA claim. *Id.* He also stated: "There will be no discussions or negotiations." *Id.* At 5:01 p.m., counsel for Defendants provided counsel for Plaintiff with a lengthy e-mail again explaining that, based on the nature of his client's claims, it was legally impossible for Plaintiff to avoid paying wage-based taxes, and Defendants are legally required to deduct applicable withholdings from the settlement amount. *Id.* Defendants explained they could send all payments to the Strojnik law firm, but his client must legally be paid on a W-2 basis for her wage claims. *Id.* In response, counsel for Plaintiff stated he had already filed this Motion with the Court, and again refused to acknowledge his client's legal obligation to receive the payment of wages on a W-2 basis or the Parties' obligation to submit the Agreement to the Court for approval in order to release Plaintiff's FLSA claims. *Id.* Accordingly, Defendants were forced to incur fees and draft this Response.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-

Based on the foregoing, Plaintiff's Motion must be dismissed and Plaintiff and her counsel should be sanctioned with attorneys' fees for causing Defendants to draft this needless Response.  Plaintiff only claimed damages of overtime, liquidated damages, back pay, front pay and attorneys' fees.  There is no question that Defendants are legally obligated to make applicable withholdings for Plaintiff's wage damages, and Plaintiff must be issued a W-2.  Indeed, on the day of the settlement conference, Plaintiff's counsel provided Defendants with the allocation of his attorneys' fees compared with Plaintiff's wage damages so Defendants could draft the Agreement with the appropriate allocations.  Further, the Parties agreed to mutually release all claims, and the only way the Parties can effectuate this release is to submit the Agreement for Court approval.  It is clear that the Parties intended the settlement amount to serve as the total consideration for a mutual dismissal. Under the circumstances, Plaintiff's request that Defendants create potential liability for themselves through improper payment and characterization of the settlement amount, and that Defendants satisfy themselves with a non-binding release of FLSA claims is simply a misguided attempt to deprive Defendants of the finality they sought and demanded in exchange for the willingness to compromise their claims.

## IV.     CONCLUSION

Plaintiff's Motion is premature, unnecessary, and a waste of time and resources. Plaintiff seeks to create an Agreement that is not legally valid or enforceable.  Accordingly, Defendants respectfully request the Court to deny Plaintiff's Motion and award Defendants their reasonable attorneys' fees in responding to this Motion.  Further, Defendants request the Court to order that Plaintiff's wage-based damages are and be subject to applicable employment taxes, and the Parties must submit the Agreement to the Court for approval in order to release Plaintiff's FLSA claims.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1    DATED this 21st day of April, 2011.

2

3                                          _s/ Kristy L. Peters_

4                                          Neil M. Alexander
                                           Laurent R.G. Badoux
5                                          Kristy L. Peters
                                           LITTLER MENDELSON, P.C.
6                                          Attorneys for Defendants

7

8    I hereby certify that I electronically
     transmitted the attached document to the
9    Clerk's Office using the CM/ECF System
     for filing and transmittal of a Notice of
10   Electronic Filing to the following
     CM/ECF registrants, and mailed a copy
11   of same to the following if non-
     registrants, this 21st day of April, 2011:
12
     Peter Strojnik, Esq.
13   Peter Strojnik, PC
     3030 N. Central Avenue, Suite 1401
14   Phoenix, Arizona 8012

15   Peter Kristofer Strojnik
     The Strojnik Firm LLC
16   3030 N Central Avenue, Suite 1401
     Phoenix, AZ 85012
17
     Attorneys for Plaintiff
18

19   _s/ Linda Bullis_

20   Firmwide:101286125.1 065064.1001

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-8-