Exhibit A

Neil M. Alexander; AZ Bar No. 020757
nalexander@littler.com
Laurent R.G. Badoux; AZ Bar No. 020753
lbadoux@littler.com
Kristy L. Peters, AZ Bar No. 024756
kpeters@littler.com
LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikki J. Parker, an individual,<br><br>Plaintiff,<br><br>v.<br><br>McCarville Law Offices, PLC, an Arizona professional limited liability company;<br>David A. McCarville, an individual,<br><br>Defendants. | Case No. CV 10-304-PHX-NVW<br><br>**DECLARATION OF KRISTY L. PETERS** |

**DECLARATION OF KRISTY L. PETERS PURSUANT TO 28 U.S.C. § 1746**

1. My name is Kristy L. Peters. I have personal knowledge of the facts set forth below.

2. Attached as Exhibit 1 to this Declaration is a true and correct copy of an April 5, 2011 e-mail chain between Peter Strojnik and me regarding the allocation of his attorneys' fees so Ms. Parker could receive a W-2 for her wages.

3. Attached as Exhibit 2 to this Declaration is a true and correct copy of an e-mail chain between Laurent Badoux, Peter Strojnik and me regarding the settlement agreement.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1  I declare under penalty of perjury that the foregoing is true and correct. Executed in
2  the United States on April 21, 2011.

3                                                        _____
4                                                        Kristy L. Peters

5  Firmwide:101290539.1 065064.1001

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

Exhibit 1

**Peters, Kristy L.**

**From:** Peter Strojnik [strojnik@skplaw.com]
**Sent:** Tuesday, April 05, 2011 4:07 PM
**To:** Peters, Kristy L.
**Subject:** Re: Parker v. McCarville

My fee with her is 40 percent.

Sent from my Verizon Wireless Blackberry

---

**From:** "Peters, Kristy L." <KPeters@littler.com>
**Date:** Tue, 5 Apr 2011 14:43:14 -0700
**To:** strojnik@skplaw.com<strojnik@skplaw.com>
**Cc:** Badoux, Laurent R.<LBadoux@littler.com>; Umber, Sandra<SUmber@littler.com>; Bullis, Linda<LBullis@littler.com>
**Subject:** Parker v. McCarville

Peter:

I'm in the process of drafting the settlement agreement. For the apportionment of the settlement payment, can you let me know what portion of the initial $_____ payment and each monthly payment will be to your firm as attorneys' fees? Since Ms. Parker's claims are wage related, we need to apportion her W2 wages from the attorneys' fees. Let me know if you have any questions.

Thanks,

Kristy

**Kristy Peters,** Attorney At Law
602.474.3639 direct    kpeters@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

----

```
To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com
```

4/20/2011

Exhibit 2

**Peters, Kristy L.**

---

**From:** strojnik@skplaw.com
**Sent:** Wednesday, April 20, 2011 5:31 PM
**To:** Badoux, Laurent R.
**Cc:** Bullis, Linda; Umber, Sandra; Peters, Kristy L.
**Subject:** RE: Parker v. McCarville

Laurent,

I filed before I received your e-mail. You had an opportunity to add these terms in open court, but you failed to do so. Mr. McCarville and Kristy (two lawyers) consented in open court. With the utmost respect, I suggest you should review Doi for the proper method of reciting terms in open court. One cannot assume terms will be courteously added after the fact (that requires additional consideration), which is why I insisted on the terms I did. If you would like to provide me with a written agreement accurately reflecting the open court terms, I will withdraw the Motion. Thank you and good evening.

Peter

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM L.L.C.**
Bank of America Tower
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Phoenix Tel. 602.297.3019
Phoenix Fax. 602.264.1441
Direct Dial. 602.510.9409

**THE STROJNIK FIRM LLC**
http://www.skplaw.com
Employment Law & Commercial Litigation

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Parker v. McCarville
From: "Badoux, Laurent R." <LBadoux@littler.com>
Date: Wed, April 20, 2011 5:01 pm
To: "strojnik@skplaw.com" <strojnik@skplaw.com>, "Peters, Kristy L." <KPeters@littler.com>
Cc: "Bullis, Linda" <LBullis@littler.com>, "Umber, Sandra" <SUmber@littler.com>

Peter,

To clarify one of your points, Kristy and I have shared all e-mails from you, even those you elected to send only to me, despite numerous request not to do so.

First, as previously discussed, our client cannot legally pay your law firm the settlement amount on a 1099 basis. That is why we asked for the wage/fee breakdown on the date of the settlement conference, which you provided right away. You previously acknowledged Ms. Parker's intentional infliction claim had no merit and you withdrew it. Your entire settlement conference memo claimed wage-based damages (for both the FLSA claim and state law claims). Therefore, Ms. Parker must legally be paid on a W2 basis. We can send the checks to your firm as discussed, but Ms. Parker's wages must be subject to applicable withholdings. Agreeing to anything else would be unlawful, and I think we can all agree it is black letter law that a contract to perform something that is unlawful is void. We are merely trying to effectuate the agreement we reached. With regard to the indemnification, the only thing that paragraph says is that Defendants will not be held liable if your firm or Ms. Parker fail to properly pay taxes on the settlement amount. There is nothing unusual or unfair in this provision. Given your prior glib CPA remark and your current insistent on an unlawful apportionment of the settlement, we feel more than ever that it is important to insist on this indemnification provision.

Additionally, as we also discussed that Ms. Parker brought an FLSA claim and, because FLSA claims are non-waivable, a compromise of such claim must be approved by the DOL or a federal court. Again, this is a legal requirement. Your twice-repeated remark about the fact that Littler should have brought this up at the time of the settlement because we are an employment law firm, however unnecessary it may be, ignores the real issue. Submission of an FLSA settlement to the court is a standard clause of any FLSA settlement, since it is required under the statute. You yourself stated in our e-mail exchange that you understood and agreed that certain standard terms (you specifically identified "confidentiality, mutual release, non-disparagement" as examples) would be negotiated later. You brought this claim on your client's behalf under the FLSA. Surely, you reviewed the statute before filing this lawsuit and analyzed the remedial provisions for your client's claims. Why, therefore, would it be necessary for Littler to tell you what the statute requires and negotiate something that is part of every FLSA settlement? What would there be to negotiate? Are you suggesting we should have anticipated your lack of knowledge or review of the applicable law? We legally cannot budge on these issues. Any other approach would result in a settlement that is either unlawful or unenforceable, or both. They are requirements under the statutes in which Ms. Parker elected to bring her claim. If you feel you need to raise this issue before the Court, we are prepared to provide a detailed legal analysis that wage claims are subject to W2 withholdings. We do not believe this should be necessary and the parties should be able to finalize the settlement agreement through rationale discussion. If we have to resort to court intervention, however, we will seek our attorneys' fees for having to engage in such a futile exercise.

Finally, you state in the e-mail below that you have been reasonable only to receive a smart alek, wishy-washy response from me. Let me point out that your response hardly strikes a reasonable chord. In response to my pointing out the language of the remedial provision of the FLSA, you responded: "I thank you for your tax advice, but I have a CPA. Perhaps you missed your calling." You also said "I will decide how to deal with my fees thereafter." You may consider those to be reasonable responses, some might disagree. When we went to the trouble of citing a case to you on the issue of the inability for a private individual to waive any rights under the FLSA, you responded: "I have been involved in a number of employment cases that settled on the record for much more than this case, and this is the first time I have been requested to engage in a Motion for Approval." Perhaps it is a factual response, and this is the first FLSA case you have ever settled. However, such a response misses the substance of the issue, which is that the requirement of the very statute under which your client is suing demand this procedure for a valid settlement to occur. Why should "I don't care what the statute says" be a reasonable response. I admit I pointed out that, to my never-ending amazement, your responses suggested you were thumbing your nose at the law but that I would check on the other points of contention with my client, which we did the very next day. What is wishy-washy about that?

Let us suggest that we move away from name-calling and finger-pointing and put an end to this case, as we all thought we did. We remain willing to negotiate on the last point of serious contention, which is the cure period, for which we made you a counter-proposal. We feel that is the only legitimate issue left to be resolved. There are a number of issues that we have seen arise in delayed settlement payment situations, which suggest a 10-day cure period is too short and creates an incentive or opportunity for needless litigation. We are hampered in our efforts to discuss this issue by your unwillingness to talk about it by phone. As you will recognize, prepare lengthy written materials takes far longer (and costs our clients more money) than a short phone call. Perhaps you will reconsider your request that no communication about this settlement take place over the phone and agree to review the case law on the issue of FLSA settlements.

Laurent Badoux, Shareholder
602.474.3630 direct  602.628.4184 mobile  602.926.8883 fax  LBadoux@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

**Littler Mendelson** | littler.com
Employment & Labor Law Solutions Worldwide

4/20/2011

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Wednesday, April 20, 2011 12:34 PM
**To:** Peters, Kristy L.
**Cc:** Bullis, Linda; Umber, Sandra; Badoux, Laurent R.
**Subject:** RE: Parker v. McCarville

I suppose Laurent did not share that e-mail with you. Nonetheless, it is moot since I have withdrawn all courtesies. Since you agreed in open court to draft a settlement agreement accurately reflecting the on-the-record terms, I will wait for said agreement until 5:00 p.m. tonight. These terms are:

1.
2.
3.
4.
5.
6.
7.

No extra verbiage, no tax discussions, no motions for approval, no indemnification, no cure period, and no attempts to classify entire settlement as unpaid wages (there are four counts, three of which have nothing to do with unpaid wages), etc. If these terms were important, you should have brought them up in Court, which you did not. I have attempted to be reasonable only to receive smart alek, wishy-washy responses from Laurent. My client is fed up with these antics. The Motion is prepared and sanctions will be sought tonight at 5:00 p.m. See, e.g. Doi v. Halekulani Corp., 276 F.3d 1131, 1134 (9th Cir. 2002) (sanctions awarded and agreement enforced by court after plaintiff attempted to re-negotiate on-the-record settlement terms).

I do not welcome any more questions, discussion or negotiation, and if such is forthcoming, I will not respond.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM L.L.C.
Bank of America Tower
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Phoenix Tel. 602.297.3019
Phoenix Fax. 602.264.1441
Direct Dial. 602.510.9409

# THE STROJNIK FIRM LLC

http://www.skplaw.com
Employment Law & Commercial Litigation

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Parker v. McCarville
From: "Peters, Kristy L." <KPeters@littler.com>
Date: Wed, April 20, 2011 12:15 pm
To: "strojnik@skplaw.com" <strojnik@skplaw.com>
Cc: "Bullis, Linda" <LBullis@littler.com>, "Umber, Sandra" <SUmber@littler.com>, "Badoux, Laurent R." <LBadoux@littler.com>

Peter:

I'm a little confused. In my email, I was not trying to make any statement on the two highlighted provisions in the agreement, since we are still discussing those provisions. The purpose of my email was to update the provisions of the agreement that the parties had agreed upon so we all could have an updated version of the settlement agreement to work with. I don't quite know what you mean by your email below. Does your email mean you want the draft settlement agreement you sent to us on Sunday to stand without modification?

Thanks,

Kristy

Kristy Peters, Attorney At Law
602.474.3639 direct   kpeters@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

**Littler**  littler.com
Employment & Labor Law Solutions Worldwide

---

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Wednesday, April 20, 2011 10:53 AM
**To:** Peters, Kristy L.
**Cc:** Bullis, Linda; Umber, Sandra; Badoux, Laurent R.
**Subject:** RE: Parker v. McCarville

Kristy and Laurent,

After confer with my client, all courtesies previously extended are withdrawn. If you do not agree solely to the terms of _____ by 5:00 p.m. tonight, I will be filing the Motion to Enforce. There will be no discussion or negotiation. Thank you.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM L.L.C.
Bank of America Tower
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Phoenix Tel. 602.297.3019
Phoenix Fax. 602.264.1441
Direct Dial. 602.510.9409

# THE STROJNIK FIRM LLC

http://www.skplaw.com

Employment Law & Commercial Litigation

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Parker v. McCarville
From: "Peters, Kristy L." <KPeters@littler.com>
Date: Wed, April 20, 2011 9:26 am
To: "strojnik@skplaw.com" <strojnik@skplaw.com>, "Badoux, Laurent R." <LBadoux@littler.com>
Cc: "Bullis, Linda" <LBullis@littler.com>, "Umber, Sandra" <SUmber@littler.com>

Peter:

Attached is another version of the settlement. I believe this version reflects the parties' agreements so far, and I highlighted the two sections that are still being negotiated. Let me know if you can't get this document open. Also, let me know if you are ok with the non-highlighted provisions of the Agreement. We have until next week to get everything finalized and agreed upon. If you are available to discuss the highlighted provisions, feel free to give me or Laurent a call anytime today.

Kristy

**Kristy Peters**, Attorney At Law
602.474.3639 direct   kpeters@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

---

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Tuesday, April 19, 2011 6:30 PM
**To:** Badoux, Laurent R.
**Cc:** Bullis, Linda; Umber, Sandra; Peters, Kristy L.
**Subject:** RE: Parker v. McCarville

Laurent,

On point number one, 10 days is all we will give you, which is generally accepted in any payment schedule such as this. The U.S. mail is very reliable. But, there are alternatives to a 60-day cure period in the hypothetical you presented, e.g. hand-delivering the check to my office, or canceling a check and sending me a new one if I have not received it within a few days of the due date. You are a reasonable man and therefore this should make perfect sense to you.

On point number two, I thank you for your tax advice, but I have a CPA. Perhaps you missed your calling. Most of it does makes sense though. Let's keep paragraph 3 "Manner of Payment" the same as you originally sent. ●to Parker, ●to me, W2, etc., but add another 1k on the initial payment to me for outstanding costs. I will decide how to deal with my fees thereafter. On the Indemnification paragraph, what is stricken is unnecessary language (the first sentence is also unnecessary, fyi). Perhaps I am misunderstanding this paragraph as I "misunderstood" the FWW method. If I am, please explain it more clearly as I will keep an open mind. I am flexible on this.

On point number three, we will not agree to this, but I would be willing to join in a joint call to the Court on this issue. I have been involved in a number of employment cases that settled on the record for much more than this case, and this is the first time I have been requested to engage in a Motion for Approval. I think the Agreement on the record is sufficient consent. My main concern are the deadlines in this case and McCarville's deadline of June 5.

Many of these points should have been brought up by Kristy on the record as it is you folks who are the Labor and Employment firm. The agreement on the record was short and sweet. Now we have 7 pages. For the time being, if you cannot agree to stated above, please re-draft based on what we do agree to, e.g. my redlines that you accept and what I agree to in this e-mail, so we have a clean slate to take to the judge. Thanks.

Peter

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM L.L.C.**
Bank of America Tower
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Phoenix Tel. 602.297.3019
Phoenix Fax. 602.264.1441
Direct Dial. 602.510.9409

**THE STROJNIK FIRM LLC**
http://www.skplaw.com
Employment Law & Commercial Litigation

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Parker v. McCarville
From: "Badoux, Laurent R." <LBadoux@littler.com>
Date: Tue, April 19, 2011 4:37 pm
To: "strojnik@skplaw.com" <strojnik@skplaw.com>, "Peters, Kristy L." <KPeters@littler.com>
Cc: "Bullis, Linda" <LBullis@littler.com>, "Umber, Sandra" <SUmber@littler.com>

Peter,
Pursuant to your request that we present our points in writing rather than by telephone, Kristy and I have prepared the following response following our review of your proposed revisions to the settlement agreement:

(1) With regard to the opportunity to cure, we do not think 10 days is sufficient. Given that McCarville Law Offices is a small office and sometimes checks can get delayed in the mail or in processing, we want to make sure that a delay in a payment does not result in legal fees disproportionate with

the amount in dispute. We will have to verify with out client, but we can probably recommend a slight reduction to the duration of the cure period, as long as it is sufficient not to have the parties back in litigation over a minimal delay. We recognize that Ms. Parker would likely be entitled to interests and attorneys' fees in the event of an extensive delay or default, so it is clear that our clients are not interested in any unnecessary litigation that would significantly increase their liability.

(2) Ms. Parker brought her claim under the FLSA (29 USC § 216(b)). Pursuant to the statute, the nature and measure of damages are unpaid but owed wages (in this case for unpaid overtime), which are, therefore, subject to applicable withholdings. We legally do not have a choice on this issue under the statute. Ms. Parker must receive a W2, subject to all applicable withholdings. That is why we asked for the breakdown between your fees and her wages. This is a legal obligation not only pursuant to the FLSA statute, but also an itemization required by the IRS. Obviously, your firm was never an employee of McCarville Law Offices, so we cannot legally issue the check or W2 for Ms. Parker's wage claim to your firm because we need to do the applicable wage withholdings. We can certainly send both checks to your firm for you to pass along to Ms. Parker, but due to legal obligations, we cannot issue the portion of the settlement amount that his her back wages to you on a 1099 basis. Additionally, we are not willing to remove the tax indemnification in this lawsuit. It is standard in settlement agreements to include this language. This is particularly true here since you appear to be unaware of the implications of paying the entire settlement amount in the format you request. Further, to the extent both your firm and Ms. Parker will incur tax liability due to this settlement, there should be no reason why McCarville Law Offices should retain any liability with regard to your tax liability.

(3) With regard to Paragraph 16 of the settlement agreement, rights provided under the FLSA are not subject to waiver. A settlement agreement compromising FLSA claims can only be effective if supervised by the DOL (29 USC § 216(c)) or by a Court (see <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982)). Since the DOL only approves settlement in matters it has fully investigated, only a federal judge can approve a settlement agreement that contains a waiver of FLSA claims in the context of litigation. That is why we included this provision in the Agreement and that is why this provision cannot be removed. More importantly, the effective date of the settlement agreement must be made co-extensive with the approval of the settlement. In other words, the initial payment should be made within 30 days of court approval of the settlement itself.

The other changes you made are fine. However, as discussed above, we should change the provision for dismissal of the action and set it for a date related to court approval (but before the initial payment becomes due, for instance 14 days after court approval). Let us know if you have any questions.

Regards

Laurent Badoux, Shareholder
602.474.3630 direct   602.628.4184 mobile   602.926.8883 fax   LBadoux@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

**Littler Mendelson** littler.com
Employment & Labor Law Solutions Worldwide

---

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Sunday, April 17, 2011 10:19 PM
**To:** Peters, Kristy L.
**Cc:** Badoux, Laurent R.; Bullis, Linda; Umber, Sandra
**Subject:** RE: Parker v. McCarville

Thanks, Kristy. I was able to open this one. Please see attached redline and comment.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM L.L.C.
Bank of America Tower
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Phoenix Tel. 602.297.3019
Phoenix Fax. 602.264.1441
Direct Dial. 602.510.9409

# THE STROJNIK FIRM LLC
http://www.skplaw.com
Employment Law & Commercial Litigation

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Parker v. McCarville
From: "Peters, Kristy L." <KPeters@littler.com>
Date: Sun, April 17, 2011 10:11 am
To: "strojnik@skplaw.com" <strojnik@skplaw.com>
Cc: "Badoux, Laurent R." <LBadoux@littler.com>, "Bullis, Linda" <LBullis@littler.com>, "Umber, Sandra" <SUmber@littler.com>

Peter:

I saved it again and it's attached. I'm not sure why you can't get it open. If you can't open this one, can you send me the error message you are getting when attempting to open it? Also, I've copied and pasted the substance of the agreement below. If necessary, you can put your suggested changes in other color and insert them below.

Kristy

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release ("Agreement") is made and entered into freely and voluntarily this _____ day of April, 2011, by and between Nikki J. Parker ("Claimant") and McCarville Law Offices, PLC and David A. McCarville, and their parents, subsidiaries, affiliates, agents, successors, assigns and related entities, (collectively "Defendants"). For purposes of this Agreement, Claimant and Defendants are collectively referred to herein as the "Parties."

<u>**RECITALS**</u>

A.      On or about February 11, 2010, Claimant filed an action with the United States District Court, District of Arizona,

against Defendants, Lawsuit No. CV 10-0304, entitled "Nikki J. Parker v. McCarville Law Offices, PLC and David A. McCarville" (the "Lawsuit"). In the Lawsuit, Claimant made various claims against Defendants based on her employment with Defendants and sought damages, attorneys' fees and costs against Defendants.

B.  Defendants have denied, and continue to deny, any liability to Claimant. Nevertheless, in order to avoid additional litigation expenses, the Parties desire to settle and resolve all disputes, differences and claims that now exist or may exist between them as of the date of this Agreement.

NOW, THEREFORE, in consideration of the foregoing recitals, and the mutual covenants, obligations and general release contained herein, the Parties hereby agree as follows:

## AGREEMENT

1.  No Admission of Liability. The Parties acknowledge that by entering into this Agreement, Defendants do not admit liability to Claimant for any claim asserted in the Lawsuit or otherwise.

2.  Consideration. In settlement of this matter, Defendants will pay a total gross amount of $         (the "Settlement Amount"). The Parties agree that the Settlement Amount constitutes sufficient consideration for the release, obligations and covenants contained in this Agreement.

3.  Manner of Payment. Defendants will pay the Settlement Amount as follows: The first payment, in          will be made on or before July 5, 2011, and will be made in two checks. The first check of $          will be made payable to The Strojnik Firm, LLC IOLTA Account" (the "Firm"), Tax ID #_____, without any withholdings, and the Firm will be issued a Form 1099 for this amount, as this amount represents attorneys' fees and costs attributable to representing Claimant in the Lawsuit. The Firm will provide Defendants with a completed W-9 related to this payment. The second check of $          will be issued by McCarville Law Offices and made payable to "Nikki J. Parker," will be subject to all applicable withholdings, and a W-2 will be issued for this amount related to wage-related damages. The remaining payments of $          per month will occur at one month intervals beginning          , and end with a final payment on          . Each          monthly payment will be made in two checks. The first check of $          will be made payable to The Strojnik Firm, LLC IOLTA Account" (the "Firm"), Tax ID #_____, without any withholdings, and the Firm will be issued a Form 1099 for this amount, as this amount represents attorneys' fees and costs attributable to representing Claimant in the Lawsuit. The second check of $          will be issued by McCarville Law Offices and made payable to "Nikki J. Parker," will be subject to all applicable withholdings, and a W-2 will be issued for this amount related to wage-related damages. Defendants reserve the right to prepay the monthly payments. Claimant agrees and acknowledges the Settlement Amount fully and adequately compensates her and her attorneys for the release and the other provisions in this Agreement, is a full and complete settlement of any and all claims Claimant has including, but not limited to, the claims made in her Lawsuit and any claims for attorneys' fees, costs and disbursements, and represents payment for settlement of a disputed, compromised claim.

4.  Tax Treatment and Indemnification. Claimant agrees to be responsible for and pay any and all taxes and assessments that are or may become due and owing on account of the payment of any of the Settlement Amount, and to indemnify Defendants for any taxes and assessments (including, but not limited to, unpaid taxes, penalties or interest) that Defendants may be required to pay as a result of the Parties' agreed-upon tax treatment of the Settlement Amount or Claimant's (or her attorneys') failure to pay required taxes or other assessments on any portion of the Settlement Amount.

8.  Reliance. The Parties acknowledge that in deciding to sign this Agreement:
(a)  They have relied upon their own judgment and that of the persons each has chosen to provide advice or counsel

regarding this Agreement;
(b)   They have had *the opportunity to consult with an attorney of their own choosing before signing this Agreement;*
(c)   They have had a sufficient period of time to consider whether to enter into this Agreement and to consider the terms and provisions of this Agreement;
(d)   No statement made by any party or their agents has in any way unduly influenced or coerced another party to sign this Agreement; and
(e)   This Agreement is written in a manner that is understandable to the Parties and each has read and understood all paragraphs of this Agreement.

9.   <u>Severability</u>.  Should a court of competent jurisdiction declare any portion of this Agreement unenforceable, for whatever reason, the remainder of the Agreement will continue in full force and effect as though the Agreement does not contain the unenforceable portion.

11.   <u>Agreement Not To Apply</u>:  Claimant acknowledges and agrees that as part of the consideration for this Agreement, Claimant agrees not to apply for a position with McCarville Law Offices at any point in the future, and further acknowledges that, if such an application is submitted unintentionally by or on behalf of Claimant, McCarville Law Offices will be entitled not to consider such application without any legal liability or repercussion.
12.   <u>Governing Law</u>.  This Agreement will be interpreted, enforced and governed by Arizona law and any action relating to this Agreement will be maintained in a court of competent jurisdiction in Arizona in or for Maricopa County.
13.   <u>Notice of Breach of Agreement/Opportunity to Cure</u>.  In the event that one Party ("Notifying Party") believes the other Party has breached the Agreement ("Breaching Party"), the Notifying Party must provide written notification to the Breaching Party detailing the nature of the breach.  The Breaching Party has 60 days from the date of the written notification to cure the breach before the Notifying Party can take legal action regarding the breach.
14.   <u>Entire Agreement</u>.  The Parties agree that this Agreement sets forth the Parties' complete and final agreement and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the matters addressed herein.  Further, this Agreement may not be altered or amended except by a writing executed by the Parties.  The Parties intend that this Agreement must be fairly and reasonably construed in light of their intent as expressed above.
15.   <u>Counterparts and Copies</u>.  This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original.  Copies of any such counterparts may be used in lieu of the originals for any purpose.
16.   <u>Final Approval</u>.  Promptly after execution of this Agreement, the parties shall file a joint Motion for Approval of the settlement, including submittal of this Agreement, under seal and with a request that the final approval of settlement likewise be sealed.  The parties shall seek an expeditious hearing on the joint motion for approval, consistent with the Court's docket and the schedules of counsel.  If the Court approves the settlement, the Court shall dismiss all claims with prejudice.  If the Court does not approve the settlement, or approves the settlement but subject to conditions or modifications which are not acceptable to both parties, the parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both parties and the Court.
IN WITNESS WHEREOF, the Parties have executed this Agreement as of the _____ day of _____, 2011.

| CLAIMANT | MCCARVILLE LAW OFFICES, PLC |
|---|---|
| | By:_____ |
| _____ | |
| Nikki J. Parker | Its:_____ |
| Date: | |
| _____ | Date:_____ |
| | |
| | DAVID MCCARVILLE |
| | _____ |
| | Date: |
| AS TO FORM: | AS TO FORM: |
| THE STROJNIK FIRM, LLC | LITTLER MENDELSON, P.C., |
| Attorneys for Claimant | Attorneys for Defendants |
| _____ | _____ |
| Peter K. Strojnik | Kristy L. Peters |
| Date: | Date: |
| _____ | _____ |

C:\Documents and Settings\kpeters\Desktop\ Settlement Agreement <u>5.doc</u>

**Kristy Peters**, Attorney At Law
602.474.3639 direct   kpeters@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

**Littler**  littler.com
Employment & Labor Law Solutions Worldwide

---

**From:** strojnik@skplaw.com [mailto:strojnik@skplaw.com]
**Sent:** Saturday, April 16, 2011 8:23 PM
**To:** Peters, Kristy L.
**Cc:** Badoux, Laurent R.; Bullis, Linda; Umber, Sandra
**Subject:** RE: Parker v. McCarville

Kristy, I am not sure why I am unable to open the document, but I still cannot.  I did read the PDF, and there are some corrections I will have to make, the most significant of which is the date for first payment (June 5 v. July 5).  What year Word are you using?  I have '07 on all of my computers.  Please re-try.
Thanks.

Pete

Peter Kristofer Strojnik, Esq.
**THE STROJNIK FIRM L.L.C.**
Bank of America Tower
3030 North Central Avenue, Suite 1401

4/20/2011

Phoenix, Arizona 85012
Phoenix Tel. 602.297.3019
Phoenix Fax. 602.264.1441
Direct Dial. 602.510.9409

### THE STROJNIK FIRM LLC

http://www.skplaw.com
Employment Law & Commercial Litigation

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: RE: Parker v. McCarville
From: "Peters, Kristy L." <KPeters@littler.com>
Date: Sat, April 16, 2011 2:05 pm
To: "strojnik@skplaw.com" <strojnik@skplaw.com>
Cc: "Badoux, Laurent R." <LBadoux@littler.com>, "Bullis, Linda" <LBullis@littler.com>, "Umber, Sandra" <SUmber@littler.com>

Here it is again. I saved it as a new document to see if that helps. I also attached it as a pdf in case you can't open the document in the Word version.

Kristy

Kristy Peters, Attorney At Law
602.474.3639 direct   kpeters@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

---

From: strojnik@skplaw.com [mailto:strojnik@skplaw.com]
Sent: Saturday, April 16, 2011 11:35 AM
To: Peters, Kristy L.
Cc: Badoux, Laurent R.; Bullis, Linda; Umber, Sandra
Subject: RE: Parker v. McCarville

I cannot open it.

Peter Kristofer Strojnik, Esq.
THE STROJNIK FIRM L.L.C.
Bank of America Tower
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Phoenix Tel. 602.297.3019
Phoenix Fax. 602.264.1441
Direct Dial. 602.510.9409

### THE STROJNIK FIRM LLC

http://www.skplaw.com
Employment Law & Commercial Litigation

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

-------- Original Message --------
Subject: Parker v. McCarville
From: "Peters, Kristy L." <KPeters@littler.com>
Date: Fri, April 15, 2011 4:27 pm
To: "strojnik@skplaw.com" <strojnik@skplaw.com>
Cc: "Badoux, Laurent R." <LBadoux@littler.com>, "Bullis, Linda" <LBullis@littler.com>, "Umber, Sandra" <SUmber@littler.com>

Peter:

Attached is a draft of the settlement agreement. Let me know if you can't open it. Feel free to contact us if you have any questions or changes.

Thanks,

Kristy

Kristy Peters, Attorney At Law
602.474.3639 direct   kpeters@littler.com
Camelback Esplanade, 2425 East Camelback Road, Suite 900 | Phoenix, AZ 85016-4242

**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)

is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)

is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com


----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com