**THE STROJNIK FIRM LLC**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
strojnik@skplaw.com
Attorney for Plaintiff Nikki J. Parker

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| NIKKI J. PARKER, an individual, ) | NO. 2:10-cv-0304-PHX-NVW |
| Plaintiff, ) | **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR SANCTIONS** |
| vs. ) | |
| MCCARVILLE LAW OFFICES, PLC, an Arizona Professional Limited Liability Company; DAVID A. MCCARVILLE, an individual, ) | |
| Defendants. ) | |

**REPLY**

Defendants have attempted to change the focus of Plaintiff's Motion to Enforce to a tax issue. Wrong. The issue is whether Defendants are adding and renegotiating terms to an open court settlement agreement. Plaintiff does not seek any other terms except what was negotiated between the Parties, entered onto the record, consented to by both Parties, and approved by the United States District Court. The Parties have an Agreement of "essential terms" to which they are bound. Defendants offer no authority stating differently.

The Parties agreed to a settlement amount of $XXX to be paid over installments, and the entirety of each installment would be made payable to Plaintiff's counsel's IOLTA. On the

-1-

record, Plaintiff was very clear in adding this term, and Defendants consented thereto. Defendants are now attempting to back track on their consent to this one payment to the IOLTA by insisting that each installment be made in two separate payments – one to Plaintiff and one to Plaintiff's counsel. <u>Neither Party agreed to this</u>. Defendants' discussion regarding what part of the settlement is taxable and what part is not taxable ignores the principal focus: Defendants are bound by their consent to one check to Counsel's IOLTA. Whatever tax forms Defendants would like to send to Counsel, they are free to do so.[1]

Defendants insist on a Motion for Approval of the Settlement Agreement, but the Settlement Agreement was already approved on April 5, 2011 in open court by the Honorable Magistrate Judge David K. Duncan of the United States District Court. Defendants now seek a second approval of the Settlement Agreement, which reveals Defendants are attempting to renegotiate what was already approved. Indeed, why would Defendants seek an approval of Settlement terms a second time unless they seek to change the open court terms that were already approved?

In their Response, Defendants also completely ignore the fact they are attempting to add a <u>60-day grace period</u> per installment payment, and that they seek to add a provision requiring <u>Plaintiff to indemnify Defendants</u> for the taxes they may have to pay on the installment payments. The terms are X dollars over X number of installments paid to Plaintiff's counsel's IOLTA, mutual release, confidentiality, and non-disparagement. Period. However, it is not unreasonable to have a grace period in installment payments and therefore Plaintiff will keep

---

[1] Defendants ignore there are several other damages sought in the Doc. 11 Complaint other than unpaid overtime wages. The FLSA count was one of four counts.

-2-

open the courtesy 10-day grace period already extended to Defendants if they so desire. <u>See</u>, Doc. 74-1 at 9.

Defendants and their counsel should be sanctioned for their renegotiation of the open court agreement and for their act of disobeying a Court order to execute a written agreement reciting the "essential terms."  Plaintiff has been and continues to be willing to execute, and therefore prays for pursuant to Doc. 71, a written agreement that recites the "essential terms". And, as a courtesy, Plaintiff will permit a 10-day grace period per installment payment.

RESPECTFULLY SUBMITTED this 22nd Day of April, 2011.

**THE STROJNIK FIRM L.L.C.**

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik
Bank of America Tower
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff Nikki Parker

Copy also directed this 22nd Day of April, 2011 to:

The Honorable Magistrate Judge David K. Duncan
Via e-mail:  duncan_chambers@azd.uscourts.gov

*/s/ Peter Kristofer Strojnik*